■ BERT VLADIMIR, Respondent, v CAMPBELL COWPERTHWAIT et al., Appellants. [839 NYS2d 761]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered on or about August 22, 2006, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In January 2000, plaintiff, an attorney and experienced investor, retained defendant investment management firm Campbell Cowperthwait to manage approximately $600,000 of his assets. In connection therewith, plaintiff reviewed and completed various documents provided by Campbell, including a questionnaire concerning his risk tolerance and management objective. Plaintiff's risk assessment stated that on a scale of 1 to 10, his risk comfort level was 6, with a maximum risk level of 8. His portfolio management objective was to "Beat the Market—High Risk/Return."

On January 6, 2000, plaintiff reviewed and signed an investment policy statement prepared by Campbell and based upon his responses to the questionnaire. It provided that plaintiff's portfolio would be a moderately aggressive growth and equity portfolio, and that "the Investment Manager(s) has been given full investment discretion with respect to the portion of the Portfolio it manages to allocate among assets equities, fixed income securities and cash equivalents and to purchase and sell individual securities. Such investment discretion will be exercised consistent with the stated investment objectives, risk tolerance, goals and guidelines of the Portfolio." It went on to state, in two places, that the portfolio would be managed in a "prudent manner," and further provided that "[t]he equity portions of the Portfolio should be well-diversified among economic sectors, industry groups, and individual securities to avoid any undue exposure in any part of the U.S. equity market."

By August 2001, plaintiff's initial $599,000 investment had

declined in value by 39% to approximately $365,000, at which point he closed his account. On or about September 8, 2004, plaintiff commenced a class action on behalf of himself and all others whose investment accounts were managed by Campbell in the Large Cap Growth Equity Portfolio from January 29, 2000 through September 30, 2001. He claimed that in its promotion materials, on which he relied, Campbell had represented that its Large Cap portfolio had outperformed the S & P 500 index for several years, that it employed an experienced investment team to manage its portfolio, and that its team had outstanding long-term performance. He alleged, however, that most of the members of that management team had left Campbell by 1999, and those remaining failed to exercise the required degree of skill and knowledge.

Plaintiff's first cause of action, the only one to survive defendants' motion to dismiss for failure to state a cause of action, claimed defendants breached their fiduciary duty by failing to oversee the assets of the class, failing to pursue a prudent investment strategy, overconcentrating the portfolio in certain volatile industry sectors and failing to eliminate conflicts of interest. In April 2006, defendants moved for summary judgment dismissing plaintiff's remaining cause of action. In support thereof, they attached numerous exhibits, including plaintiff's deposition and client agreement.

In opposition, plaintiff submitted, among other exhibits, an affidavit from Robert Comment, Ph.D., a financial economist with over 20 of years experience, who opined that defendants acted imprudently by investing the money of the class members in a single model portfolio that was insufficiently diversified, and by investing in stocks with excessively high ratios of stock price to earnings. He further opined defendants' imprudence was discretionary, and that even if it were prudent to apply a single model portfolio to all class members, they had over 500 large-company growth stocks to choose from and it was thus unnecessary to have exposed the class to the extra downside risks associated with portfolios focused on stocks with high price/earning ratios, or that were otherwise nondiversified.

The IAS court found, inter alia, that questions of fact existed as to whether defendants properly interpreted plaintiff's risk tolerance, as well as whether Campbell acted in keeping with its stated policy of diversifying "across industries." As a result, the court denied defendants' motion. We disagree.

Plaintiff was an experienced investor who, as defendants' supporting exhibits demonstrate, habitually selected his own stocks for investment, using the services of a broker only to ex-

ecute his buy and sell orders. His deposition testimony states he was looking for "growth" and that he "wanted to beat the market." The client agreement signed by plaintiff acknowledges that there was no guarantee that the investment strategy would be achieved. Plaintiff acknowledged in his examination before trial that prior to investing in the Large Cap Growth Equity Portfolio, he was provided with a list of all the companies in the portfolio, and although he did not examine it in detail, he noticed that some of the companies were in the technology sector and did not object to their being in the fund. He also testified that he regularly reviewed his monthly statements and repeatedly discussed them with his broker during the entire time he was involved with Campbell.

There is no question that Campbell, pursuant to the terms of the investment policy statement, possessed discretionary trading authority. The investment policy statement clearly provided that there was no guarantee the investment objective would be achieved, and that it was a "guideline rather than . . . a rigid statement of policy from which there can be no deviation." The fact that the portfolio did not achieve what plaintiff—after reviewing its history, managers and investment strategy—believed it would achieve does not raise a triable issue of fact as to whether Campbell breached its fiduciary duty to plaintiff (*see Guerrand-Hermès v Morgan & Co.*, 2 AD3d 235, 237 [2003], *lv denied* 2 NY3d 707 [2004]), or acted in an imprudent manner.

Nor is there a material issue of fact as to whether plaintiff was misled as to Campbell's diversified investment strategy. He was provided with a list of the stocks held in the portfolio, and knew that Campbell possessed discretionary authority with respect to the portfolio's stocks (*see Runquist v Delta Capital Mgt., L.P.*, 1997 WL 54667, 1997 US Dist LEXIS 1215 [SD NY 1997]).

Under these circumstances, there are no triable issues of fact to be determined at trial, and defendants' motion for summary judgment should have been granted. Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.