OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*1116 We agree with the courts below that plaintiffs may not maintain a private cause of action under the Martin Act (CPC Intl. v McKesson Corp., 70 NY2d 268, 276-277). Plaintiffs contend that CPC is not controlling because that case involved the violation of General Business Law § 352-c, which addresses a variety of fraudulent acts and practices in the sale and exchange of securities and other properties, whereas the present claim is based upon a violation of section 352-e, which specifically addresses real estate syndication offerings. The difference, however, is not legally significant because our decision in CPC rested on a determination that "an implied private [cause of] action is not consistent with the legislative scheme underlying the Martin Act” (id., at 276-277). That conclusion also forecloses a private cause of action under section 352-e.
We also agree with the holding of the courts below that these plaintiffs have no basis for invalidating the lease on the ground of unconscionability or breach of fiduciary duty (see generally, Sablosky v Gordon Co., 73 NY2d 133, 138; Gillman v Chase Manhattan Bank, 73 NY2d 1, 10-11).
With respect to plaintiffs’ fraud claim, we recognize that sponsors of apartment house conversions have a duty to meet high standards of fair dealing and good faith toward tenants (People v Lexington Sixty-First Assocs., 38 NY2d 588, 595; see, Gilligan v Tishman Realty & Constr. Co., 283 App Div 157, 162, affd 306 NY 974; Lizby Assocs. v Baron, 130 Misc 2d 834, 835) and that in many instances purchasing tenants and sponsors do not deal as equals either in terms of access to information or business acumen and thus, tenants often lack equal bargaining power (see, e.g., Horn v 440 E. 57th Co., 151 AD2d 112, 119).
Plaintiffs argue that defendants City Partners and Guterman misrepresented the lease transaction in the offering plan. Although it is clear that the offering plan contained statements that were demonstrably false, plaintiffs have not met their burden. They were required to prove by clear and convincing evidence a representation of material fact, falsity, scienter, reliance and injury. Nothing in this record establishes that plaintiffs in fact relied on any misrepresentation by defendants to their detriment. Thus, they have failed to establish common-law fraud and the complaint was properly dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
*1117 Order affirmed, with costs, in a memorandum.