■ EAGLE TENANTS CORP., Respondent, v BEN FISHBEIN et al., Appellants.—In an action, *inter alia,* to recover damages for fraud, the defendants appeal, as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), dated March 29, 1989, which, *inter alia,* granted the plaintiff's cross motion for partial summary judgment on its first and second causes of action on the issue of liability and directed an inquest of damages.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion for partial summary judgment on its first and second causes of action is denied, and, upon searching the record, the plaintiff's second cause of action to recover damages for constructive fraud is dismissed.

The instant action involves a warehouse located at 28-44 Cadman Plaza West in Brooklyn, within the Fulton Ferry Historic District. In 1979 the New York City Planning Commission issued a special permit to the defendant Ben Fishbein to convert the warehouse to a mixed commercial and residential use. As a condition to the issuance of the special permit, Fishbein covenanted to implement a "Continuing Maintenance Program", which involved certain obligations which are in excess of the ordinary requirements for such structures *(see,* NY City Zoning Resolution § 74-711; Administrative Code of City of New York, tit 24, ch 3). In 1984, Fishbein's nominee corporation, the defendant 28 Cadman Plaza West, Inc., conveyed the property to the plaintiff Eagle Tenants Corp., a residential cooperative corporation, whose shareholders took title pursuant to a cooperative offering plan of which the defendant 28 Cadman Plaza West, Inc., was the sponsor. The plaintiff thereafter commenced this action on behalf of its shareholders, alleging, *inter alia,* that Fishbein fraudulently concealed the existence of the Continuing Maintenance Program obligations.

The plaintiff's second cause of action to recover damages for

constructive fraud must be dismissed. That cause of action attempts to premise liability for wrongful omission of the "Continuing Maintenance Program" from the offering plan based upon a fiduciary's duty to disclose, regardless of the existence of deceitful intent *(see generally, Vermeer Owners v Guterman,* 78 NY2d 1114; *Horn v 440 E. 57th Co.,* 151 AD2d 112). To sustain that cause of action would effectively permit a private action under the Martin Act (General Business Law art 23-A), which would be inconsistent with the Attorney-General's exclusive enforcement powers thereunder *(see, CPC Intl. v McKesson Corp.,* 70 NY2d 268, 276-277; *Horn v 440 E. 57th Co., supra,* at 120; *see also, Vermeer Owners v Guterman, supra; State of New York v Rachmani Corp.,* 71 NY2d 718, 725, n 6).

We conclude that summary judgment was not warranted on the plaintiff's first cause of action to recover damages for fraudulent concealment. On the record before us, we find that there exist issues of fact as to whether Fishbein failed to disclose the existence of the "Continuing Maintenance Program" with fraudulent intent *(see,* CPLR 3212 [b]). Fishbein denies having intentionally done so, and issues of credibility should not be resolved by the court on a motion for summary judgment *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Francis v Basic Metal,* 144 AD2d 634). We note that the offering plan did disclose that the warehouse had been designated a landmark, and was being used for residential and commercial purposes pursuant to the issuance of the special permit.

In light of our determination, we need not address the defendants' remaining contention. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.