■ ARLENE BIRNBAUM et al., Respondents-Appellants, v YONKERS CONTRACTING COMPANY, INC., et al., Appellants-

Respondents. (And a Third-Party Action.) [707 NYS2d 662] —In an action, *inter alia*, to recover damages for fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered November 17, 1998, as denied their motion for summary judgment dismissing the complaint and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for partial summary judgment striking the defendants' affirmative defense of release.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Brook Hills Corporation, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the plaintiffs' cross motion which was to strike the affirmative defense of release insofar as asserted by the defendant Yonkers Contracting Company, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs commenced this action alleging, *inter alia*, that the offering plan for a condominium contained material misrepresentations upon which they separately relied in purchasing their condominium units. In addition to asserting that the complaint failed to state a cause of action, the defendants Brook Hills Corporation (hereinafter the Sponsor) and its principal, Yonkers Contracting Company, Inc. (hereinafter Yonkers), *inter alia*, asserted as an affirmative defense a release which was executed in favor of the Sponsor by the board of managers of the plaintiffs' condominium.

The clear, unambiguous release which was executed by the condominium's board of managers pursuant to Real Property Law § 339-dd in favor of only the Sponsor established that the Sponsor was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see,* Real Property Law § 339-dd; *Zagorodynuk v Price Costco Wholesale Corp.,* 256 AD2d 574; *Residential Bd. of Mgrs. v Union Sq.-14th St. Assocs.,* 190 AD2d 636).

Yonkers was not entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground, *inter alia*, that the complaint failed to assert a cause of action for fraud (*see, Iannucci v Viscardi,* 251 AD2d 379; *see also, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The release relied on by Yonkers is in favor of only the Spon-

sor and therefore is not effective to preclude the plaintiff's claim insofar as asserted against Yonkers. As a result, the Supreme Court should have granted the plaintiffs' motion to strike Yonkers' affirmative defense of release.

Because Yonkers executed the certification to the offering plan in its separate capacity, it "thereby knowingly and intentionally advanced the alleged misrepresentations of the offering plan, and thus, can be held [separately] liable" (*Zanani v Savad,* 228 AD2d 584; *see also, State of New York v Sonifer Realty Corp.,* 212 AD2d 366). The claim by Yonkers that it is not a proper party to the action is without merit. Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.