[862 NYS2d 535]

THOMAS CABOARA et al., Appellants, v BABYLON COVE DEVELOP-
MENT, LLC, et al., Respondents, et al., Defendant.

Second Department, July 15, 2008

### APPEARANCES OF COUNSEL

*Kressel, Rothlein, Walsh & Roth, LLC,* Massapequa (*David I. Roth* of counsel), for appellants.

*Agovino & Asselta, LLP,* Mineola (*Joseph P. Asselta, Jean M. Smith* and *Robert Buff* of counsel), for respondents.

### OPINION OF THE COURT

RITTER, J.

In 1921, the Legislature enacted the Martin Act, New York's version of blue sky laws (*see* General Business Law art 23-A). The act prohibits a broad range of fraudulent and deceitful conduct as to securities. Enforcement of the act is vested exclusively with the Attorney General of the State of New York (hereinafter the Attorney General). Here, we are asked to determine whether the plaintiffs' causes of action to recover damages for common-law fraud and breach of contract are preempted by the Martin Act because the allegations giving rise to the same would support a Martin Act violation. We hold that they are not. While there is no express or implied private right of action under the Martin Act, private causes of action sounding in common-law fraud and breach of contract may rest upon the same facts that would support a Martin Act violation as long as they are sufficient to satisfy traditional rules of pleading and proof. Thus, here, the Supreme Court erred in dismissing the plaintiffs' common-law fraud and breach of contract causes of action as preempted by the Martin Act.

The defendant Babylon Cove Development, LLC is the sponsor of a townhouse condominium project. The defendants Michael J. Posillico, Joseph K. Posillico, Paul F. Posillico, and Joseph D. Posillico III are its members (hereinafter referred to collectively as members). The plaintiffs are purchasers of indi-

vidual units. One condition of the grant of the required zoning approval for the project was that all units be owner-occupied and not rented. However, this restriction was not set forth in the offering plan for the project. To the contrary, the offering plan stated that owners retained the right to rent units. The terms of the offering plan were incorporated by reference into the contracts for the sale of the units. After learning of this discrepancy, the plaintiffs commenced this action, inter alia, to recover damages for common-law fraud and breach of contract. The sponsor and members moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (3) and (7), arguing, among other things, that the plaintiffs were seeking, in effect, to prosecute private causes of action under the Martin Act. In the order appealed from, the Supreme Court granted such relief. The plaintiffs appeal from so much of the order as granted those branches of the motion which were to dismiss the causes of action to recover damages for common-law fraud and breach of contract insofar as asserted against the sponsor and members. We reverse the order insofar as appealed from.

The Martin Act prohibits a broad range of fraudulent and deceitful conduct in the advertisement, distribution, exchange, transfer, sale, and purchase of securities, including securities representing "participation interests" in condominium and cooperative apartment buildings (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 58 [2005]; *CPC Intl. v McKesson Corp.*, 70 NY2d 268 [1987]; General Business Law §§ 352, 352-e). The Attorney General is vested with the exclusive authority to enforce the Martin Act, and is granted various investigatory, regulatory, and remedial powers aimed at detecting, preventing, and stopping fraudulent securities practices (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d at 58-59; *CPC Intl. v McKesson Corp.*, 70 NY2d at 277). Unlike common-law fraud, the Attorney General need not allege or prove either scienter or intentional fraud to establish liability for fraudulent practices under the Martin Act (*see State of New York v Rachmani Corp.*, 71 NY2d 718, 725, n 6 [1988]). The Court of Appeals has determined that there is neither an express nor an implied private right of action under the Martin Act (*see Vermeer Owners v Guterman*, 78 NY2d 1114 [1991]; *CPC Intl. v McKesson Corp.*, 70 NY2d 268 [1987]).

Here, the sponsor and members argue that the plaintiffs' common-law fraud and breach of contract causes of action are

preempted by the Martin Act because the allegations giving rise to the same would support a Martin Act violation, and "private plaintiffs [are not] permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act" (*Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200, 200 [1995]; *see also Keh Hsin Shen v Astoria Fed. Sav. & Loan*, 295 AD2d 319 [2002]). However, this argument misapplies the prohibition against "artful pleading," and is contrary to both precedent from the Court of Appeals and basic tenets of statutory construction.

No case from the Court of Appeals holds that the Martin Act not only failed to provide, expressly or impliedly, for a private right of action, but also abrogated or supplanted an otherwise viable private cause of action whenever the allegations would support a Martin Act violation (*see Kramer v W10Z/515 Real Estate Ltd. Partnership*, 44 AD3d 457 [2007]; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610 [1992]). To the contrary, in both *CPC Intl. v McKesson Corp.* (70 NY2d 268 [1987]) and *Vermeer Owners v Guterman* (78 NY2d 1114 [1991]), the Court considered, on the merits, the plaintiffs' common-law fraud causes of action, while dismissing as preempted their private causes of action under the Martin Act. Thus, under precedent from the Court of Appeals, the plaintiffs' common-law fraud and breach of contract causes of action are not preempted because they rest upon allegations that would support a Martin Act violation.

Further, properly read, the prohibition against "artful pleading" is completely consistent with this precedent. The purpose of the prohibition is "to prevent an end run" around the exclusive nature of the Martin Act rule by precluding a private plaintiff from bringing a cause of action, for example, that, "although styled as one for common-law fraud, lacks proof of an essential element of common-law fraud" (*Kramer v W10Z/515 Real Estate Ltd. Partnership*, 44 AD3d at 459). For instance, in *Whitehall Tenants Corp. v Estate of Olnick* (213 AD2d 200 [1995]), which first announced the prohibition against "artful pleading," there was no evidence of reliance by the allegedly defrauded shareholder or intent to defraud by the sponsor (*see Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d at 200-201). Here, taking the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the complaint was sufficient to state causes of action to recover damages for common-law fraud and breach of

contract (*see* CPLR 3211 [a] [7]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413 [1996]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610 [1992]). Thus, the allegations are not mere artful pleading.

Finally, we note that the above determinations are in accord with basic tenets of statutory construction. The Legislature is presumed to be aware of the law in existence at the time of an enactment and to have abrogated the common law only to the extent that the clear import of the language of the statute requires (*see B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]). Further, "[t]he general rule is and long has been that 'when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute' " (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 324 [1983], quoting *Candee v Hayward*, 37 NY 653, 656 [1868]). Here, nothing in the clear import of the language of the Martin Act requires a conclusion that the Legislature intended to abrogate any common-law remedy arising from conduct prohibited under the act. Nor are the remedies afforded the Attorney General made exclusive by the Martin Act. Thus, the plaintiffs' common-law fraud and breach of contract causes of action were neither abrogated nor supplanted by the Martin Act (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Kramer v W10Z/515 Real Estate Ltd. Partnership*, 44 AD3d 457 [2007]; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610 [1992]). Consequently, the Supreme Court erred in dismissing the same.

The parties' remaining contentions are without merit.

Accordingly, the order is reversed insofar as appealed from, on the law, and those branches of the motion of the sponsor and members which were to dismiss the causes of action to recover damages for common-law fraud and breach of contract insofar as asserted against them are denied.

Rivera, J.P., Carni and Leventhal, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the respondents' motion which were to dismiss the causes of action to recover damages for common-law fraud and breach of contract insofar as asserted against them are denied.