■ HAMLET ON OLDE OYSTER BAY HOME OWNERS ASSOCIATION, INC., et al., Appellants, v HOLIDAY ORGANIZATION, INC., et al., Respondents, et al., Defendants. [874 NYS2d 508]—

In an action, inter alia, to recover damages for common-law fraudulent inducement, negligent misrepresentation, and breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, (1) from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered July 13, 2006, as granted those branches of the motion of the defendants Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay, LLC, Hamlet on Olde Oyster Bay Development Co., LLC, O.B. Ventures Corp., Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, Michael Puorro, Ron Bloomfield, Holiday Management Associates, Inc., Hamlet on Olde Oyster Bay Food and Beverage Corp., Holcom Incorporated, Schiffer Management Group, and Joseph Gill Schiffer which were pursuant to CPLR 3211 (a) (1), (3), (5) and (7), to dismiss the causes of action alleging fraudulent inducement, negligent misrepresentation, and negligence insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp., to dismiss the causes of action alleging breach of fiduciary duty insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp. insofar as they seek to recover damages for a period beyond three years prior to the commencement of the action, and to dismiss the causes of action alleging breach of contract insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp. to the extent of directing the plaintiffs to serve an amended complaint to plead the causes of action alleging breach of warranty separately from those alleging breach of contract, and (2) from so much of an order of the same court entered January 8, 2008, as, in effect, upon reargument, adhered to the prior determination, granted that branch of the motion of

the defendants Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay, LLC, Hamlet on Olde Oyster Bay Development Co., LLC, O.B. Ventures Corp., Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, Michael Puorro, Ron Bloomfield, Holiday Management Associates, Inc., Hamlet on Olde Oyster Bay Food and Beverage Corp., Schiffer Management Group, and Joseph Gill Schiffer which was to clarify the prior determination, granted those branches of the cross motion of the defendants Charles A. DiGiovanna Architect and Charles A. DiGiovanna which were pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss the causes of action in the amended complaint alleging breach of contract, fraudulent inducement, negligent misrepresentation, and negligence/malpractice insofar as asserted against them, and granted those branches of the cross motion of the defendants Sidney B. Bowne & Sons, LLP, and Dane C. Kenny which were pursuant to CPLR 3211 (a) (1), (5) and (7) for the same relief.

Ordered that the appeal from the order entered July 13, 2006 is dismissed, as that order was superseded by the order entered January 8, 2008, in effect, made upon reargument; and it is further,

Ordered that the order entered January 8, 2008 is modified, on the law, (1) by deleting the provision thereof which, in effect, upon reargument, adhered to so much of the original determination in the order entered July 13, 2006 as granted those branches of the motion of the defendants Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay, LLC, Hamlet on Olde Oyster Bay Development Co., LLC, O.B. Ventures Corp., Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, Michael Puorro, Ron Bloomfield, Holiday Management Associates, Inc., Hamlet on Olde Oyster Bay Food and Beverage Corp., Holcom Incorporated, Schiffer Management Group, and Joseph Gill Schiffer pursuant to CPLR 3211 (a) (1), (3), (5) and (7) which were to dismiss the causes of action alleging fraudulent inducement and negligent misrepresentation insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp., and to dismiss the causes of action alleging breach of fiduciary duty insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and

Beverage Corp. insofar as they seek to recover damages for a period beyond three years prior to the commencement of the action, and substituting therefor a provision, upon reargument, vacating those portions of the order entered July 13, 2006 and denying those branches of the motion, (2) by deleting the provision thereof granting that branch of the motion of the defendants Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay, LLC, Hamlet on Olde Oyster Bay Development Co., LLC, O.B. Ventures, Corp., Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, Michael Puorro, Ron Bloomfield, Holiday Management Associates, Inc., Hamlet on Olde Oyster Bay Food and Beverage Corp., Holcom Incorporated, Schiffer Management Group, and Joseph Gill Schiffer which was to clarify the prior determination, and substituting therefor a provision denying that branch of the motion, (3) by deleting the provision thereof granting those branches of the cross motion of the defendants Charles A. DiGiovanna Architect and Charles A. DiGiovanna which were pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss the causes of action in the amended complaint alleging breach of contract, fraudulent inducement, negligent misrepresentation, and negligence/malpractice insofar as asserted against them, and substituting therefor a provision denying those branches of the cross motion, and (4) by deleting the provision thereof granting those branches of the cross motion of the defendants Sidney B. Bowne & Sons, LLP, and Dane C. Kenny which were pursuant to CPLR 3211 (a) (1), (3), (5) and (7) for the same relief, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the respondents appearing separately and filing separate briefs.

The plaintiffs in this action are Hamlet on Olde Oyster Bay Home Owners Association (hereinafter the Association), Hamlet on Olde Oyster Bay Villa Condominium, Hamlet on Olde Oyster Bay Carriage Home Condominium, and individual owners of units within the Hamlet on Olde Oyster Bay Development (hereinafter the owners). Shortly after moving into their newly-constructed residences, the owners allegedly experienced problems, inter alia, with their heating, air conditioning, and plumbing systems. Similar problems allegedly occurred in the development's common-area buildings. The Association drastically increased assessments after the first year to repair the al-

leged defects in the common areas because the income realized was significantly less, and the expenses were considerably more, than the budget projections in the offering plan.

Thereafter, the plaintiffs commenced this action against, among others, the following defendants: Hamlet on Olde Oyster Bay, LLC, the sponsor; Hamlet on Olde Oyster Bay Development Co., LLC, a member of the sponsor; Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, and Michael Puorro, the principals of the members; Holiday Organization, Inc., and Hamlet on Olde Oyster Bay Development Corp., the sponsor's parent organizations (hereinafter collectively the Holiday defendants); Schiffer Management Group and Joseph Gill Schiffer (hereinafter together the real estate broker); Sidney B. Bowne & Sons, LLP, and Dane C. Kenny (hereinafter together the engineering firm); and Charles A. DiGiovanna Architect and Charles A. DiGiovanna (hereinafter together the architectural firm).

The Supreme Court erred in granting that branch of the Holiday defendants' motion which was to dismiss the causes of action alleging fraudulent inducement insofar as asserted against them. While there is no express or implied private right of action under the Martin Act (*see* General Business Law § 352 *et seq.*), private causes of action sounding in common-law fraud may rest upon the same facts that would support an alleged Martin Act violation as long as they are sufficient to satisfy traditional rules of pleading and proof (*see Caboara v Babylon Cove Dev., LLC*, 54 AD3d 79, 80 [2008]). Here, the plaintiffs pleaded all the elements of fraud with particularity (*see CPC Intl. v McKesson Corp.*, 70 NY2d 268, 284-286 [1987]). It is important to emphasize that this appeal arises from an order granting a pre-discovery motion to dismiss, not an order awarding summary judgment (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 37 [2006]). "There is no legitimate reason to question at the pleading stage the ability of the plaintiff[s] to prove all of the essential elements of common-law fraud" (*Kramer v W10Z/515 Real Estate Ltd. Partnership*, 44 AD3d 457, 459 [2007]).

The Supreme Court also erred in granting that branch of the Holiday defendants' motion which was to dismiss the causes of action alleging negligent representation insofar as asserted against them as "nothing in the clear import of the language of the Martin Act requires a conclusion that the Legislature intended to abrogate any common-law remedy arising from conduct prohibited under the act" (*Caboara v Babylon Cove Dev., LLC*, 54 AD3d at 83).

Further, the Supreme Court should not have granted that branch of the Holiday defendants' motion which was to dismiss the causes of action alleging breach of fiduciary duty insofar as asserted against them insofar as plaintiffs seek to recover damages for a period beyond three years prior to the commencement of this action. As the gravamen of the complaint sounds wholly in fraud, the causes of action alleging breach of fiduciary duty are subject to a six-year limitations period (*see Klein v Gutman*, 12 AD3d 417 [2004]).

The Supreme Court correctly found that the plaintiffs could seek damages for breach of contract based upon specific provisions of the purchase agreements, as well as for breach of the limited warranty (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073 [2007]). The Supreme Court also properly granted those branches of the Holiday defendants' motion which were to dismiss the causes of action alleging negligence insofar as asserted against the sponsor based upon construction defects, as these claims were duplicative of the causes of action alleging breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678 [2005]).

However, the Supreme Court erred in granting those branches of the motions of the real estate broker, the engineering firm, and the architectural firm which were to dismiss the causes of action alleging breach of contract, fraudulent inducement, negligent misrepresentation, and negligence/malpractice insofar as asserted against them. These defendants failed to submit documentary proof that the plaintiffs were not third-party beneficiaries of their contracts with the sponsor (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see also Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 50 AD3d 503 [2008]; *Board of Mgrs. of Alfred Condominium v Carol Mgt.*, 214 AD2d 380 [1995]).

The Supreme Court erred in granting that branch of the Holiday defendants' motion which was to dismiss the complaint insofar as asserted against Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay Development Co., LLC, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, and Michael Puorro (*see Birnbaum v Yonkers Contr. Co.*, 272 AD2d 355 [2000]).

We decline the request of the Holiday defendants and the real estate broker to impose a sanction pursuant to 22 NYCRR 130-1.1 (c) (1) against the plaintiffs, as this appeal is not frivolous as defined therein (*see Chardavoyne v Cohen*, 56 AD3d 508 [2008];

*Kutner v Catterson*, 56 AD3d 437 [2008]). Spolzino, J.P., Florio, Carni and Leventhal, JJ., concur. [*See* 12 Misc 3d 1182(A), 2006 NY Slip Op 51378(U).]