■ HAMLET ON OLDE OYSTER BAY HOME OWNERS ASSOCIATION, INC., et al., Appellants, v HOLIDAY ORGANIZATION, INC., et al., Respondents, et al., Defendants. [887 NYS2d 125]—

Motion and cross motions by the respondents for leave to reargue appeals, from two orders of the Supreme Court, Nassau County, entered July 13, 2006, and January 8, 2008, respectively, which were determined by decision and order of this Court dated February 24, 2009, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and cross motions and the papers filed in opposition thereto, it is,

Ordered that those branches of the motion and cross motions which are for leave to reargue are granted; and it is further,

Ordered that the motion and cross motions are otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated February 24, 2009 (*Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc.*, 59 AD3d 673 [2009]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for common-law fraudulent inducement, negligent misrepresentation, and breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, (1) from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered July 13, 2006, as granted those branches of the motion of the defendants Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay, LLC, Hamlet on Olde Oyster Bay Development Co., LLC, O.B. Ventures Corp., Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, Michael Puorro, Ron Bloomfield, Holiday Management Associates, Inc., Hamlet on Olde Oyster Bay Food and Beverage Corp., Holcom Incorporated, Schiffer Management Group, and Joseph Gill Schiffer which were pursuant to CPLR 3211 (a) (1), (3), (5) and (7), to dismiss the causes of action alleging fraudulent inducement, negligent misrepresentation, and negligence insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp., to dismiss the causes of action alleging breach of fiduciary duty insofar as asserted

against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp. insofar as they seek to recover damages for a period beyond three years prior to the commencement of the action, and to dismiss the causes of action alleging breach of contract insofar as asserted against all of those defendants except for the defendants O.B. Ventures Corp., Holcom Incorporated, and Hamlet on Olde Oyster Bay Food and Beverage Corp. to the extent of directing the plaintiffs to serve an amended complaint to plead the causes of action alleging breach of warranty separately from those alleging breach of contract, and (2) from so much of an order of the same court entered January 8, 2008, as, in effect, upon reargument, adhered to the prior determination, granted that branch of the motion of the defendants Holiday Organization, Inc., Hamlet on Olde Oyster Bay Development Corp., Hamlet on Olde Oyster Bay, LLC, Hamlet on Olde Oyster Bay Development Co., LLC, O.B. Ventures Corp., Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, Michael Puorro, Ron Bloomfield, Holiday Management Associates, Inc., Hamlet on Olde Oyster Bay Food and Beverage Corp., Schiffer Management Group, and Joseph Gill Schiffer which was to clarify the prior determination, granted those branches of the cross motion of the defendants Charles A. DiGiovanna Architect and Charles A. DiGiovanna which were pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss the causes of action in the amended complaint alleging breach of contract, fraudulent inducement, negligent misrepresentation, and negligence/malpractice insofar as asserted against them, and granted those branches of the cross motion of the defendants Sidney B. Bowne & Sons, LLP, and Dane C. Kenny which were pursuant to CPLR 3211 (a) (1), (5) and (7) for the same relief. Justice Mastro has been substituted for Associate Justice Carni (see 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order entered July 13, 2006 is dismissed, as that order was superseded by the order entered January 8, 2008, in effect, made upon reargument; and it is further,

Ordered that the order entered January 8, 2008 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs in this action are Hamlet on Olde Oyster Bay Home Owners Association (hereinafter the Association), Hamlet on Olde Oyster Bay Villa Condominium, Hamlet on Olde Oyster Bay Carriage Home Condominium, and individual owners of units within the Hamlet on Olde Oyster Bay Development (here-

inafter the owners). Shortly after moving into their newly-constructed residences, the owners allegedly experienced problems, inter alia, with their heating, air conditioning, and plumbing systems. Similar problems allegedly occurred in the development's common-area buildings. The Association drastically increased assessments after the first year to repair the alleged defects in the common areas because the income realized was significantly less, and the expenses were considerably more, than the budget projections in the offering plan.

Thereafter, the plaintiffs commenced this action against, among others, the following defendants: Hamlet on Olde Oyster Bay, LLC, the sponsor; Hamlet on Olde Oyster Bay Development Co., LLC, a member of the sponsor; Gerald Monter, Elliot Monter, Marilyn Monter, Richard Spirio, Joseph Mancino, John Bransfield, Jr., Jeffrey Wall, R. Patrick Quinn, and Michael Puorro, the principals of the members; Holiday Organization, Inc., and Hamlet on Olde Oyster Bay Development Corp., the sponsor's parent organizations (hereinafter collectively the Holiday defendants); Schiffer Management Group and Joseph Gill Schiffer (hereinafter together the real estate broker); Sidney B. Bowne & Sons, LLP, and Dane C. Kenny (hereinafter together the engineering firm); and Charles A. DiGiovanna Architect and Charles A. DiGiovanna (hereinafter together the architectural firm).

The Supreme Court properly granted that branch of the Holiday defendants' motion which was to dismiss the causes of action alleging fraudulent inducement and negligent misrepresentation insofar as asserted against them. These claims were based upon the alleged unrealistic budget projections included in the offering plan. The budget projections were included in the offering plan as required under the Martin Act (*see* General Business Law § 352 *et seq.*) and the Attorney General's implementing regulations (*see* 13 NYCRR 22.3 [g]). As such, they cannot be the basis for the causes of action alleging common-law fraudulent inducement and/or negligent representation asserted against the sponsor, its members and principals (*see Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 245 [2009]).

Similarly, the Supreme Court properly granted those branches of the motions of the real estate broker, the engineering firm, and the architectural firm which were to dismiss the causes of action alleging breach of contract, fraudulent inducement, negligent misrepresentation, and negligence/malpractice insofar as asserted against them. The certifications in the offering plans executed by these defendants were pursuant to the Attorney

General's implementing regulations and, as such, may not be the basis of private causes of action against them (id. at 236).

Further, the Supreme Court properly determined that because the gravamen of the complaint did not sound in fraud, the three-year statute of limitations period applies to the causes of action alleging breach of fiduciary duty insofar as asserted against the Holiday defendants (*compare Klein v Gutman*, 12 AD3d 417, 419 [2004]). Accordingly, the plaintiffs are barred from recovering damages for any alleged breach which occurred more than three years prior to the commencement of this action (*see Nathanson v Nathanson*, 20 AD3d 403 [2005]).

The Supreme Court correctly found that the plaintiffs could seek damages for breach of contract based upon specific provisions of the purchase agreements, as well as for breach of the limited warranty (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073 [2007]). The Supreme Court also properly granted those branches of the Holiday defendants' motion which were to dismiss the causes of action alleging negligence insofar as asserted against the sponsor based upon construction defects, as these claims were duplicative of the causes of action alleging breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678 [2005]).

We decline the request of the Holiday defendants and the real estate broker to impose a sanction pursuant to 22 NYCRR 130-1.1 (c) (1) against the plaintiffs, as this appeal is not frivolous as defined therein (*see Chardavoyne v Cohen*, 56 AD3d 508 [2008]; *Kutner v Catterson*, 56 AD3d 437 [2008]). Mastro, J.P., Spolzino, Florio and Leventhal, JJ., concur. [*See* 12 Misc 3d 1182(A), 2006 NY Slip Op 51378(U).]