■ BOARD OF MANAGERS OF MARKE GARDENS CONDOMINIUM, Respondent, v 240/242 FRANKLIN AVENUE, LLC, et al., Appellants, et al., Defendants. [898 NYS2d 564]—

In an action, inter alia, to recover damages for common-law fraud, fraud in the inducement, and violations of General Business Law §§ 349 and 350, the defendants 240/242 Franklin Avenue, LLC, and Namik Marke, also known as Mike Marke, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Starkey, J.), dated November 6, 2008, as denied those branches of the motion of the defendants Royal Roofing and Construction, Inc., and Namik Marke, also known as Mike Marke, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against Namik Marke, also known as Mike Marke.

Ordered that the appeal by the defendant 240/242 Franklin Avenue, LLC, is dismissed, as it is not aggrieved by the portions of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Namik Marke, also known as Mike Marke; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Namik Marke, also known as Mike Marke.

In 2003, the defendant sponsor, 240/242 Franklin Avenue, LLC (hereinafter the sponsor), contracted to develop a new four-story condominium containing eight apartments, to be known as the Marke Gardens Condominiums, located on Franklin Avenue in Brooklyn. In 2004 the sponsor filed a condominium offering plan, as required by the Martin Act, with the New York State Attorney General (*see* General Business Law § 352 *et seq.*) which was signed personally by the defendant Namik Marke, also known as Mike Marke (hereinafter the defendant), who is the Sponsor's manager and the president of the defendant Royal Roofing and Construction, Inc. (hereinafter Royal), hired as the development's general contractor.

Based upon alleged defects in the development's construction, the plaintiff condominium board commenced the instant action, inter alia, to recover damages for common-law fraud, fraud in

the inducement, and violations of General Business Law §§ 349 and 350, against, among others, the defendant, Royal, and the sponsor. Among other causes of action, the complaint alleged that the defendant made statements and representations orally, in the purchase agreements, and in brochures and advertisements published in connection therewith, that were false, fraudulent, and contained misrepresentations and material omissions. More specifically, the plaintiff alleged, among other things, that, pursuant to the offering plan, advertisements, brochures, and purchase agreements, the building was to be constructed with an elevator, which was never installed, and that the building was to be "a first class luxury building," but, in fact, contained numerous design and construction defects as detailed in an evaluation prepared by an engineering firm.

The defendant and Royal moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action alleging common-law fraud, fraud in the inducement, and violations of General Business Law §§ 349 and 350 insofar as asserted against the defendant. In the order appealed from, the Supreme Court, inter alia, denied the motion to dismiss. We affirm the order insofar as appealed from.

The causes of action against the defendant were based upon the alleged fraud and material misrepresentations contained not only in the offering plan, but in brochures, advertisements, and purchase agreements, as well as oral statements made by the defendant. As such, viewing the allegations in the complaint as true, and resolving all inferences in favor of the plaintiff (*see Goldson v Walker*, 65 AD3d 1084 [2009], citing *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the facts as alleged fit within a cognizable legal theory, and are not precluded by the Martin Act, as they do not "rel[y] entirely on alleged omissions from filings required by the Martin Act and the Attorney General's implementing regulations" (*Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 247 [2009]; *see CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286-287 [1987]; *Goldson v Walker*, 65 AD3d at 1085; *cf. Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc.*, 65 AD3d 1284, 1287 [2009]). In addition, contrary to the defendant's contention, the documentary evidence does not utterly refute the plaintiff's factual allegations, nor conclusively establish a defense as a matter of law (*see Birnbaum v Yonkers Contr. Co.*, 272 AD2d 355 [2000]; *Zanani v Savad*, 228 AD2d 584 [1996]; *see also State of New York v Sonifer Realty Corp.*, 212 AD2d 366, 367 [1995]; *see generally Rubinstein v Salomon*, 46 AD3d 536, 539 [2007]).

The defendant's remaining contention is without merit. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur. **[Prior Case History: 20 Misc 3d 1138(A), 2008 NY Slip Op 51789(U).]**