■ CMMF, LLC, Appellant-Respondent, v J.P. Morgan Investment Management Inc. et al., Respondents-Appellants. [915 NYS2d 2]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 11, 2009, which granted defendants' motion to the extent of dismissing the second and third causes of action and limiting the first cause of action, and denied dismissal of the fourth cause of action, unanimously affirmed, with costs.

Defendant J.P. Morgan and its broker, defendant Ufferfilge, were hired to oversee and manage plaintiff's discretionary investment account. Plaintiff and J.P. Morgan entered into an investment management agreement (IMA) which, inter alia, gave J.P. Morgan "complete discretion and authority . . . to

make . . . sales, exchanges, investments or reinvestments or to take any action that it deems necessary or desirable in connection with the assets in the Account."

The IMA required J.P. Morgan to provide monthly statements to plaintiff setting forth the property in the portfolio as well as past transactions. It also contained a disclaimer of liability, stating, inter alia, that J.P. Morgan did not guarantee the success of any investment and would not be liable to plaintiff for any losses suffered in the account unless caused by negligent or willful misconduct by J.P. Morgan. The agreement also set out the investment guidelines to be followed.

Plaintiff subsequently suffered heavy losses in its account when the financial industry went through the subprime mortgage meltdown and the ensuing crisis. Plaintiff alleged that defendants breached the terms of the investment contract as well as their fiduciary duties by saturating plaintiff's portfolio with nonagency collateralized mortgage obligations and asset-backed securities. The complaint further alleged defendants' failure to provide plaintiff with accurate information as to the assets in its portfolio and their value, as well as adequate investment advice, and that their misleading of plaintiff as to the value and marketability of the securities held in its investment account.

The court granted defendants' motion to dismiss to the extent of limiting the cause of action for J.P. Morgan's breach of contract to the factual issue of violation of the investment sector guidelines, dismissing the causes of action for breach of fiduciary duty and negligence as duplicative of the breach of contract claims, and denied dismissal of the claim for negligent misrepresentation.

At the outset, we grant the motion by the Securities Industry and Financial Markets Association to file an amicus curiae brief, and we have considered the arguments raised therein in arriving at our decision.

The court correctly limited the breach of contract cause of action to the allegation that J.P. Morgan violated the sector diversification guidelines set forth in the investment contract. An investment manager with discretionary authority cannot be held liable under a breach of contract theory for failure to achieve an investment objective (*see Vladimir v Cowperthwait*, 42 AD3d 413, 415 [2007]).

The court also properly declined to bar dismissal of the causes of action for negligence, breach of fiduciary duty and negligent misrepresentation on the theory that they "mimic" the Martin Act (General Business Law art 23-A) and are thus preempted by

the provisions of that statute. In *Assured Guar. (UK) Ltd. v J.P. Morgan Inv. Mgt. Inc.* (— AD3d —, 2010 NY Slip Op 08644 [2010] [decided simultaneously herewith]), we held that while no private right of action may be based on the Martin Act (*see CPC Intl. v McKesson Corp.*, 70 NY2d 268, 276-277 [1987]; *see also Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 245 [2009]), "there is nothing in the plain language of the Martin Act, its legislative history or appellate level decisions in this State that supports defendant's argument that the act preempts otherwise validly pleaded common-law causes of action" (— AD3d at —, 2010 NY Slip Op 08644, *8). Indeed, we also observed that where the facts as alleged in a complaint fit within a cognizable legal theory and are not precluded by the Martin Act because they do not rely entirely on alleged omissions from filings required by the Martin Act and the Attorney General's implementing regulations (*Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935, 936 [2010]), "such action will be permitted to proceed and a motion to dismiss predicated on a Martin Act preemption theory will be properly denied" (*Assured Guar.*, — AD3d at —, 2010 NY Slip Op 08644, *6). The key therefore, is whether the causes of action in question "fit within a cognizable legal theory" without relying wholly on the provisions of the Martin Act. In this case, that test has been met.

We grant the Attorney General's motion for judicial notice of certain memoranda of law filed in *People v Merkin* (Sup Ct, NY County, index No. 450879/09) (*see RGH Liquidating Trust v Deloitte & Touche LLP*, 71 AD3d 198, 207 [2009] [a court may take judicial notice of court records and files]). *Merkin* involved an action by the Attorney General for breach of fiduciary duty. The defendants there moved to dismiss, arguing that such claims were preempted by the Martin Act. While acknowledging that some courts held that common-law claims brought by private plaintiffs were preempted by the Martin Act, the Attorney General distinguished those cases as they were brought by private parties, rather than by the State's Attorney. Indeed, in a footnote, the Attorney General argued, as they do here, that "the breach of fiduciary duty claims are wholly independent of the Martin Act and are not preempted," citing *Scalp & Blade v Advest, Inc.* (281 AD2d 882, 883 [2001]) and *Caboara v Babylon Cove Dev., LLC* (54 AD3d 79 [2008]).

Here, the court correctly determined that plaintiff's causes of action for negligence and breach of fiduciary duty are not precluded by the Martin Act. That turned out to be a pyrrhic victory, since the court went on to properly dismiss those claims

as being duplicative of the breach of contract cause of action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). Moreover, the motion court correctly denied defendants' motion to dismiss the cause of action for negligent misrepresentation, which was properly pleaded and is not precluded by the Martin Act.

It is well established that a cause of action alleging "negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Furthermore, "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (*Kimmell v Schaefer*, 89 NY2d 257, 263 [1996]).

Here, plaintiff's complaint provided specific allegations as to: (1) misrepresentations regarding the number of collateralized mortgage obligations in its portfolio; (2) use of meaningless and misleading ratings as an indicator of the portfolio's health in the context of subprime securities; (3) misrepresentation as to which real estate-backed securities in the portfolio were collateralized; and (4) misleading pricing information regarding liquidation of the portfolio's assets and that the service they used was experiencing problems in accurately pricing securities due to the mortgage crisis. The complaint then clearly stated that plaintiff relied upon the information provided by defendants, and was damaged as a result of the misrepresentations. Since there remain questions of fact as to whether the information defendants provided was incorrect and whether plaintiff justifiably relied thereon, defendants' motion to dismiss was properly denied.

Nor do we find any merit to defendants' claim that the court erred in not dismissing plaintiff's entire breach of contract claim. It is well settled that "[i]n the context of a CPLR 3211 motion to dismiss, the pleadings are necessarily afforded a liberal construction" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]) and the plaintiff will be accorded "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]).

Here, defendants argue that the classification of securities they used comports with industry practice, and that any deviations from sector limits as set forth in the agreements resulted

from plaintiff's withdrawal of funds. They also argue that plaintiff's contractual period of limitations ran, further prompting dismissal of this claim. However, the record does not contain any of the monthly statements or portfolio securities holdings reports, rendering it impossible to ascertain what information was provided. Moreover, defendants' arguments are fact-based, particularly with respect to their assertion regarding the effect plaintiff's withdrawal of funds from its account had on deviating from the sector limits, thus precluding the dismissal.

We have reviewed the parties' remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny and Catterson, JJ.