■ THOMAS CABOARA et al., Appellants, v BABYLON COVE DEVELOPMENT, LLC, et al., Respondents. [920 NYS2d 191]—

On a prior appeal (*see Caboara v Babylon Cove Dev., LLC*, 54 AD3d 79, 80, 82-83 [2008]), we held that the causes of action asserted by the plaintiffs to recover damages for common-law fraud and breach of contract based on affirmative misrepresentations in an offering plan, incorporated by reference into contracts of sale of condominium units, were not preempted by the Martin Act (General Business Law art 23-A). The Court of Appeals' holding in *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership* (12 NY3d 236 [2009]), contrary to the defendants' contention, did not overrule this Court's prior holding in *Caboara*. In *Kerusa*, the Court of Appeals held that "a purchaser of a condominium apartment may not bring a claim for common-law fraud against the building's sponsor when the fraud is predicated solely on alleged material omissions from the offering plan amendments mandated by the Martin Act" (*id.* at 239). The Court expressly declined to decide "whether the alleged misrepresentation of an item of information that the Martin Act or the Attorney General's implementing regulations require[d] to be disclosed would support a cause of action for fraud, so long as the elements of common-law fraud are pleaded" (*id.* at 247 n 5), as the plaintiff's cause of action alleging fraud in *Kerusa* rested "entirely on alleged omissions from filings required by the Martin Act and the Attorney General's implementing regulations" (*id.* at 247). Further, contrary to the defendants' contention, this Court's holding in *Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc.* (65 AD3d 1284 [2009]), did not extend *Kerusa* to preclude causes of

action based on affirmative misrepresentations on the ground that they are preempted by the Martin Act, as *Hamlet* involved budget projections for new businesses, which are predictions or opinions, not statements of fact (*see* 60A NY Jur 2d, Fraud and Deceit § 85; *cf. CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286 [1987]). Therefore, since the defendants failed to establish that the plaintiffs' claim rests "entirely on alleged omissions from filings required by the Martin Act and the Attorney General's implementing regulations" (*Kerusa*, 12 NY3d at 247), they were not entitled to judgment as a matter of law dismissing the complaint insofar as asserted against them (*id.* at 239; *see Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935, 936 [2010]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.