In an action, inter alia, to recover damages for architectural malpractice, the defendant Michael Cetera appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated July *933 29, 2011, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed, without costs or disbursements.
Beginning in 1998, the owners of three buildings in Brooklyn that had been the former printing facility, loading dock, and warehouse of the New York Daily News, undertook to convert the buildings into condominium apartments. The defendant Michael Cetera, R.A. (hereinafter Cetera), was retained by the owners (hereinafter collectively the sponsor) to prepare an architect’s report and certification, which were to be incorporated into the condominium offering plan in accordance with the Martin Act (General Business Law art 23-A). According to the certification, Cetera’s report was “intended to be incorporated into the offering plan so that prospective purchasers may rely thereupon,” and afforded potential purchasers “an adequate basis upon which to found their judgment concerning the description and/or physical condition of the property as it will exist upon completion of renovation construction,” provided that the renovation work was done in accordance with the 1999 architectural plans that Cetera examined.
In June 2001, Cetera submitted his report, which was based upon the 1999 architectural plans prepared by the defendant Elena Kalman, as well as his three visual inspections of the buildings. The condominium conversion was subsequently approved, and sales of the units proceeded. In 2007, the plaintiff, an association of condominium unit owners, commenced this action against the sponsor, its principals, successor sponsors, and its retained architects and engineers, including Cetera, alleging professional malpractice, negligence, fraud, and unjust enrichment, based, inter alia, on alleged defective conditions in the buildings. The Supreme Court denied Cetera’s motion for summary judgment dismissing the complaint insofar as asserted against him.
Contrary to Cetera’s contention, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him. Cetera failed to establish, prima facie, that the causes of action asserted against him are preempted by the Martin Act (see General Business Law §§ 352, 352-e). “The Martin Act prohibits a broad range of fraudulent and deceitful conduct in the advertisement, distribution, exchange, transfer, sale, and purchase of securities, including securities representing ‘participation interests’ in condominium and cooperative apartment buildings” (Caboara v Babylon Cove Dev., LLC, 54 AD3d 79, 81 [2008]; see Kralik v *934 239 E. 79th St. Owners Corp., 5 NY3d 54, 58 [2005]). “The Attorney General bears sole responsibility for implementing and enforcing the Martin Act” (Kralik v 239 E. 79th St. Owners Corp., 5 NY3d at 58). Here, Cetera failed to demonstrate that the causes of action asserted against him rest “ ‘entirely on alleged omissions from filings required by the Martin Act and the Attorney General’s implementing regulations’ ” (Caboara v Babylon Cove Dev., LLC, 82 AD3d 1141, 1143 [2011], quoting Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership, 12 NY3d 236, 247 [2009]; cf. Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC, 71 AD3d 935, 936 [2010]). Moreover, the architectural plans upon which Cetera relied, in part, in preparing his report were submitted for the first time with his reply papers and, thus, were not properly before the Supreme Court (see Malanga v Chamberlain, 71 AD3d 644, 646 [2010]), which did not rely on them in any event.
Further, Cetera failed to establish, prima facie, that he was not in privity, or the functional equivalent thereof, with the plaintiff and its members (see Board of Mgrs. of Estates at Hillcrest Condominium IV v Hillcrest Estates Dev. Co., 205 AD2d 487 [1994]; Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron, 183 AD2d 488 [1992]).
In light of the foregoing, Cetera failed to make a prima facie showing of entitlement to judgment as a matter of law. In addition, Cetera’s remaining contentions are without merit. Accordingly, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.