OPINION OF THE COURT
Memorandum.
Ordered that the final judgment, insofar as appealed from, is affirmed, without costs.
In 2009, landlord commenced this licensee summary proceeding (RPAPL 713 [7]) alleging that Hilary Best (occupant), who resides in the subject premises, was a licensee of his mother, who had been the resident leaseholder from the inception of her rent-stabilized tenancy in 1977 until her death on May 13, 2007. The petition also alleged that when the building had converted to a cooperative residential corporation via an eviction plan filed in 1979 and certified as effective in February 1980, Ms. Best, a senior citizen, had exercised her right to retain the leasehold. During the last two-year lease renewal, which expired on January 31, 2008, Ms. Best passed away, the leasehold reverted to her estate and, at the end of the lease term, to landlord, which then purchased the shares. Accordingly, landlord alleged, occupant has no succession rights nor any other entitlement to remain in possession. The petition also sought a money judgment for use and occupancy.
In his answer, occupant insisted that he was no mere licensee but rather a tenant, based on his entitlement to succeed to his *49 mother’s tenancy pursuant to the Rent Stabilization Law. Occupant also argued that the proceeding violated res judicata and collateral estoppel principles in that, in a prior summary proceeding, landlord had asserted the same claims raised in support of the present petition and had enjoyed a full opportunity to litigate those claims at the trial of the prior proceeding. Occupant claimed that, because the prior petition had ultimately been dismissed upon landlord’s failure to prove that the conversion plan was an eviction, as opposed to a non-eviction, plan, he was entitled to a renewal lease. (Occupant also sought damages for harassment and for malicious prosecution, but raises no issue with respect thereto on appeal.)
At the trial of the present proceeding, landlord produced the offering plan, the February 1980 declaration that the necessary quota of tenants had purchased their shares and that the conversion plan had taken effect, and the 40 amendments to the plan, as well as documentation establishing the facts of Ms. Best’s lease, her election to remain a rent-stabilized tenant, her demise, and landlord’s purchase of the shares representing her apartment subsequent to the expiration of the lease. Occupant testified only that the proceeding was barred by the dismissal of landlord’s prior summary proceeding and that landlord had committed fraud by falsely stating, in the declaration of 1980, which had been filed with the Attorney General’s office pursuant to the requirements of the Martin Act, that the quota of tenant purchasers had been achieved. According to occupant, certain of the 90 tenants listed in the schedule attached to the declaration alleged to have purchased their shares had elected to rescind their purchase agreements. In its decision after trial, the Civil Court found sufficient landlord’s proof of an eviction-based conversion plan; that Ms. Best had elected to remain in occupancy as a nonpurchasing senior citizen; that, upon her death and the subsequent expiration of the last renewal term, the right to possession had reverted to landlord, which had purchased the shares; and that occupant had no succession rights and had failed to establish a defense to the proceeding.
On appeal, occupant argues that the dismissal of the prior summary proceeding bars the relitigation of the claims on which the prior proceeding was based; that he is entitled to succeed to his mother’s tenancy under the Rent Stabilization Law and Code; and that landlord had fraudulently declared the conversion in effect by asserting that the quota of tenant purchasers had been reached, when, in fact, the list included tenants who *50 had rescinded their purchase commitments. We affirm the final judgment.
Although landlord previously commenced a summary proceeding on the grounds advanced in support of the present proceeding, the Civil Court (Ronni Dale Birnbaum, J.) dismissed that proceeding without prejudice. It is well settled that the dismissal of a proceeding “without prejudice” is not a final determination of the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 n 2 [2008]) because, by that language, a court expressly reserves a party’s right to recommence an action (see id.; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). In dismissing the prior petition, Judge Birnbaum made no findings of fact or law with respect to the material issues, and a new proceeding on the same grounds was not barred (see Matter of Coleman v Coleman, 1 AD3d 833, 834 [2003]; Brandenberg v Primus Assoc., 304 AD2d 694, 695 [2003] [the doctrines of collateral estoppel and res judicata do not bar a second action where the first was dismissed without prejudice]; 390 W. End Assoc. v Raiff, 166 Misc 2d 730, 734 [App Term, 1st Dept 1995] [“the dismissal of the initial . . . nonpayment petition ‘without prejudice’ defeats any preclusion argument that landlord’s commencement of (a new) nonpayment proceeding is barred by the doctrines of collateral estoppel and res judicata”]).
With respect to occupant’s defense based on landlord’s alleged fraudulent filings with the Attorney General’s office, “there is no implied private cause of action for violations of the antifraud provisions of the Martin Act” (CPC Intl., v McKesson Corp., 70 NY2d 268, 275 [1987]). The Court of Appeals further noted in Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership (12 NY3d 236, 247 [2009]) that private causes of action which were based “entirely on alleged omissions from filings required by the Martin Act and the Attorney General’s implementing regulations” were barred. Although the Court subsequently ruled that a party may assert a common-law fraud claim if it “is not entirely dependent on the Martin Act for its viability” (Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc., 18 NY3d 341, 353 [2011]; see also Berenger v 261 W. LLC, 93 AD3d 175, 184 [2012] [“a private action may be maintained where the claim alleges a basis for fraud that is distinct from the Martin Act”]; Caboara v Babylon Cove Dev., LLC, 82 AD3d 1141, 1142 [2011]), occupant’s defense at trial, to wit, that the sponsor had fraudulently listed in its filings nonpurchasing tenants as having purchased their shares, is one that is entirely de *51 pendent on the Martin Act for its viability and, thus, may not be interposed.
It is noted that the senior citizen exemption for eviction conversion plans applies only to the tenant or the tenant’s spouse and cannot be construed to give succession rights to any other family member (see Gordon v Mellinger, NYLJ, Mar. 18, 1994 [App Term, 1st Dept 1994]).
Accordingly, the final judgment, insofar as appealed from, is affirmed.
Pesce, EJ., Weston and Rios, JJ., concur.