■ Scalp & Blade, Inc., et al., Appellants, v Advest, Inc., et al., Respondents. [722 NYS2d 639] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs, a not-for-profit corporation and a charitable trust established by the corporation, commenced this action against defendants, an individual investment advisor/securities broker and his firm, alleging that defendants invested plaintiffs' assets in various speculative, risky, and otherwise unsuitable investments. Supreme Court erred in granting that part of defendants' pre-answer motion seeking dismissal of the first, third, and fourth causes of action, alleging breach of fiduciary duty and intentional and negligent misrepresentation, as against defendant Advest, Inc. (Advest). The complaint states viable causes of action against Advest on those theories, based on the allegation that Advest acted as plaintiffs' broker and investment advisor and that plaintiffs maintained a securities account with Advest. The fact that Advest's alleged wrongful conduct toward plaintiffs was carried out through the actions or omissions of defendant Robert J. Franger, Advest's employee, does not

insulate Advest from liability. Nor is Advest insulated from liability by virtue of Franger's other fiduciary relationships with plaintiffs as director of the not-for-profit corporation and as trustee of the trust fund.

The court further erred in granting that part of defendants' motion seeking dismissal, as against both defendants, of the second cause of action alleging a breach of contract. That cause of action sufficiently alleges that defendants breached an agreement with plaintiffs to provide reasonable and competent investment advice and brokerage services suited to plaintiffs' investment objectives.

Defendants challenge the viability of certain of plaintiffs' common-law causes of action, particularly those sounding in breach of fiduciary duty and negligent misrepresentation, based on the assertedly preclusive effect of the Martin Act (General Business Law art 23-A). We reject those challenges. Nothing in the Martin Act, or in the Court of Appeals cases construing it, precludes a plaintiff from maintaining common-law causes of action based on such facts as might give the Attorney General a basis for proceeding civilly or criminally against a defendant under the Martin Act (*see, Vermeer Owners v Guterman,* 78 NY2d 1114, 1116; *CPC Intl. v McKesson Corp.,* 70 NY2d 268, 284-286).

Additionally, the court erred in granting that part of defendants' motion seeking dismissal, as against both defendants, of the seventh cause of action alleging a violation of General Business Law § 349. Plaintiffs have sufficiently alleged consumer-oriented misconduct on defendants' part (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 24-27; *see also, Gaidon v Guardian Life Ins. Co.,* 94 NY2d 330, 344-345; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 320). Given the statute's explicit prohibition of "[d]eceptive acts or practices * * * in the furnishing of any service" (General Business Law § 349 [a]), and given the Court of Appeals' characterization of the statute as "appl[ying] to virtually all economic activity" (*Small v Lorillard Tobacco Co.,* 94 NY2d 43, 55), we see no basis for invoking any blanket exception under the statute for securities transactions (*see, Breakwaters Townhomes Assn. v Breakwaters of Buffalo,* 207 AD2d 963) or for limiting the statute's applicability to the sale of "goods." We therefore modify the order by denying those parts of defendants' motion seeking dismissal of the first, third, and fourth causes of action against Advest and the second and seventh causes of action against both defendants, and by reinstating those causes of action. (Appeal from Order of

Supreme Court, Erie County, Fahey, J.—Dismiss Pleading.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.