[962 NE2d 765, 939 NYS2d 274]

ASSURED GUARANTY (UK) LTD., in the Right of Itself and of
ORKNEY RE II PLC, Respondent, v J.P. MORGAN INVESTMENT
MANAGEMENT INC., Appellant.

Argued November 15, 2011; decided December 20, 2011

## POINTS OF COUNSEL

*Paul, Weiss, Rifkind, Wharton & Garrison LLP*, New York City (*Walter Rieman, Richard A. Rosen, John F. Baughman, Farrah R. Berse* and *Jennifer K. Vakiener* of counsel), for appellant. I. This Court's decisions support interpreting the Martin Act to preempt non-fraud tort claims. (*Kerusa Co. LLC v W10Z/ 515 Real Estate Ltd. Partnership*, 12 NY3d 236; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Horn v 440 E. 57th Co.*, 151 AD2d 112; *Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610; *Breakwaters Townhomes Assn. of Buffalo v Breakwaters of Buffalo*, 207 AD2d 963; *Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc.*, 65 AD3d 1284; *Thompson v Parkchester Apts. Co.*, 249 AD2d 68; *Rego Park Gardens Owners v Rego Park Gardens Assoc.*, 191 AD2d 621; *Castellano v Young & Rubicam, Inc.*, 257 F3d 171.) II. Legislative intent favors preemption of non-fraud tort claims. (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *Riley v County of Broome*, 95 NY2d 455; *Llanos v Shell Oil Co.*, 55 AD3d 796; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *Schneidewind v ANR Pipeline Co.*, 485 US 293; *Guice v Charles Schwab & Co.*, 89 NY2d 31; *Northern Natural Gas Co. v Kansas Corporation Comm'n*, 372 US 84; *DJL Rest. Corp. v City of New York*, 96 NY2d 91; *Robin v Incorporated Vil. of Hempstead*, 30 NY2d 347;

*Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d 761.) III. The First Department's recent holdings are a departure from its own long-standing and well-recognized precedent. (*Horn v 440 E. 57th Co.*, 151 AD2d 112; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200; *Thompson v Parkchester Apts. Co.*, 249 AD2d 68; *Rego Park Gardens Owners v Rego Park Gardens Assoc.*, 191 AD2d 621; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610; *Meridian Horizon Fund, LP v Tremont Group Holdings, Inc.*, 747 F Supp 2d 406; *Lehman Bros. Commercial Corp. v Minmetals Intl. Non-Ferrous Metals Trading Co.*, 179 F Supp 2d 118; *Gabriel Capital, L.P. v Natwest Fin., Inc.*, 137 F Supp 2d 251; *Granite Partners, L.P. v Bear, Stearns & Co. Inc.*, 17 F Supp 2d 275.) IV. The rationale for Martin Act preemption reflects significant policy considerations. (*Herman & MacLean v Huddleston*, 459 US 375; *Transamerica Mortgage Advisors, Inc. v Lewis*, 444 US 11; *Blue Chip Stamps v Manor Drug Stores*, 421 US 723; *Scalp & Blade v Advest, Inc.*, 281 AD2d 882; *CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562; *Castellano v Young & Rubicam, Inc.*, 257 F3d 171; *Guice v Charles Schwab & Co.*, 89 NY2d 31; *Monfort v Larson*, 257 AD2d 261; *Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *Kirschner v KPMG LLP*, 15 NY3d 446.)

*Wollmuth Maher & Deutsch LLP*, New York City (*William A. Maher, Vincent T. Chang, Randall R. Rainer, Michael P. Burke* and *John E. Lazar* of counsel), for respondent. I. Statutory preemption of common-law claims requires "clear and specific legislative intent." (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *Candee v Hayward*, 37 NY 653; *Matter of ATM One v Landaverde*, 2 NY3d 472; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Hechter v New York Life Ins. Co.*, 46 NY2d 34; *Matter of Sullivan Co.*, 289 NY 110; *Belco Petroleum Corp. v AIG Oil Rig*, 164 AD2d 583; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200; *Morris v Snappy Car Rental*, 84 NY2d 21.) II. There is no uniform "rule of preemption" under the Martin Act. (*Horn v 440 E. 57th Co.*, 151 AD2d 112; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610; *Rego Park Gardens Owners v Rego Park Gardens Assoc.*, 191 AD2d 621; *Breakwaters Townhomes Assn. of Buffalo v Breakwaters of Buffalo*, 207 AD2d 963; *CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562; *Bhandari v Ismael Leyva Architects, P.C.*, 84 AD3d 607; *Silver Oak Capital L.L.C. v UBS AG*, 82 AD3d 666; *Board of Mgrs. of Marke Gardens*

*Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935; *Caboara v Babylon Cove Dev., LLC*, 54 AD3d 79; *Scalp & Blade v Advest, Inc.*, 281 AD2d 882.) III. There is no legislative acquiescence. (*Mountain View Coach Lines v Storms*, 102 AD2d 663; *Reyes v Sanchez-Pena*, 191 Misc 2d 600; *Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270; *Clark v Cuomo*, 66 NY2d 185; *United States v Price*, 361 US 304; *Brown v Gardner*, 513 US 115; *O'Melveny & Myers v FDIC*, 512 US 79; *Camps Newfound/ Owatonna, Inc. v Town of Harrison*, 520 US 564; *California Div. of Labor Standards Enforcement v Dillingham Constr., N. A., Inc.*, 519 US 316; *Jones v Rath Packing Co.*, 430 US 519.) IV. Public policy does not favor preemption of common-law claims. (*People v Federated Radio Corp.*, 244 NY 33; *Dunham v Ottinger*, 243 NY 423; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *Belco Petroleum Corp. v AIG Oil Rig*, 164 AD2d 583; *Sprietsma v Mercury Marine*, 537 US 51; *Humana Inc. v Forsyth*, 525 US 299; *Green v Fund Asset Mgt., L.P.*, 245 F3d 214.)

*Eric T. Schneiderman, Attorney General*, New York City (*Richard Dearing, Barbara D. Underwood* and *Alison J. Nathan* of counsel), for Attorney General of the State of New York, amicus curiae. I. The Martin Act does not preempt independent common-law causes of action in the area of securities. (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *Hechter v New York Life Ins. Co.*, 46 NY2d 34; *ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236; *Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935; *Scalp & Blade v Advest, Inc.*, 281 AD2d 882; *Richards v Kaskel*, 32 NY2d 524; *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.*, 41 NY2d 84; *Clark v Cuomo*, 66 NY2d 185.) II. There is no basis for distinguishing between common-law actions that require scienter and those that do not for purposes of preemption. (*CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236; *Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200; *Horn v 440 E. 57th Co.*, 151 AD2d 112; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610; *Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935; *Meinhard v Salmon*, 249 NY 458; *Colburn v Morton*, 3 Keyes 296; *Brewster v Hatch*, 122 NY 349.) III. Defendants' policy argument for preemption is misconceived. (*Anwar v*

*Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Roni LLC v Arfa*, 72 AD3d 413.) IV. The lower courts in *Roni LLC v Arfa* (72 AD3d 413 [2010]) erroneously narrowed the scope of the Martin Act. (*People v Lavrowsky*, 3 Misc 2d 600; *People v Abbott*, 4 Misc 2d 565; *People v Ruthven*, 160 Misc 112; *People v Landes*, 84 NY2d 655; *Black Riv. Assoc. v Newman*, 218 AD2d 273; *Fraternity Fund Ltd. v Beacon Hill Asset Mgt. LLC.*, 376 F Supp 2d 385; *Lehman Bros. Commercial Corp. v Minmetals Intl. Non-Ferrous Metals Trading Co.*, 179 F Supp 2d 159.)

*Lisa A. Catalano, Securities Arbitration Clinic, St. John's University School of Law*, Jamaica and *Law Offices of Timothy J. O'Connor*, Albany (*Timothy J. O'Connor* of counsel), for Public Investors Arbitration Bar Association, amicus curiae. I. This Court's recent decision in *ABN AMRO Bank, N.V. v MBIA Inc.* (17 NY3d 208 [2011]) and public policy militate in favor of a finding of no preemption of non-fraud common-law tort claims. (*Scott v Dime Sav. Bank of N.Y., FSB*, 886 F Supp 1073; *United States v Skelly*, 442 F3d 94; *de Kwiatkowski v Bear, Stearns & Co., Inc.*, 306 F3d 1293; *McDaniel v Bear Stearns & Co., Inc.*, 196 F Supp 2d 343; *Siedman v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 465 F Supp 1233; *Shearson/American Express Inc. v McMahon*, 482 US 220; *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 1033; *Singer v Jefferies & Co.*, 78 NY2d 76; *Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877; *State St. Trust Co. v Ernst*, 278 NY 104.) II. The claimed preemption by the Martin Act of civil claims by private investors is repugnant to article I, § 14 and article VI, § 7 (a) of the New York Constitution. (*Montgomery v Daniels*, 38 NY2d 41; *Matter of Steinway*, 159 NY 250; *Woods v Lancet*, 303 NY 349; *Boddie v Connecticut*, 401 US 371; *Sohn v Calderon*, 78 NY2d 755; *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159; *Richards v Kaskel*, 32 NY2d 524; *Matter of Zuckerman v Board of Educ. of City School Dist. of City of N.Y.*, 44 NY2d 336.)

*William A. Jacobson, Cornell Securities Law Clinic*, Ithaca, for Cornell Securities Law Clinic, amicus curiae. I. The legislative history reveals an intent to supplement, not preempt, the common law. (*Rankin v Shanker*, 23 NY2d 111; *Hotaling v Leach & Co., Inc.*, 126 Misc 845; *42nd St. Fotoshop v Weimet Film Co.*, 286 App Div 714; *Mekrut v Gould*, 16 Misc 2d 326; *ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208.) II. The Martin Act text contains no clear and specific intent to preempt the common law. (*Burns Jackson Miller Summit & Spitzer v*

*Lindner*, 59 NY2d 314; *Hechter v New York Life Ins. Co.*, 46 NY2d 34; *People v Finley*, 10 NY3d 647; *Matter of Crucible Materials Corp. v New York Power Auth.*, 13 NY3d 223; *Seligman v Friedlander*, 199 NY 373; *Hennessy v Walker*, 279 NY 94; *Transit Commn. v Long Is. R.R. Co.*, 253 NY 345; *Hammelburger v Foursome Inn Corp.*, 54 NY2d 580; *Matter of Delmar Box Co. [Aetna Ins. Co.]*, 309 NY 60.) III. New York courts have correctly ruled against Martin Act preemption. (*CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562; *Caboara v Babylon Cove Dev., LLC*, 54 AD3d 79; *Scalp & Blade v Advest, Inc.*, 281 AD2d 882; *Independent Order of Foresters v Donaldson, Lufkin & Jenrette Inc.*, 919 F Supp 149; *Castellano v Young & Rubicam, Inc.*, 257 F3d 171; *Louros v Kreicas*, 367 F Supp 2d 572; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200; *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236.)

*Milberg LLP*, New York City (*Robert A. Wallner* and *Jennifer L. Young* of counsel), for New York State AFL-CIO and others, amici curiae. I. Nothing in the Martin Act or its legislative history supports preemption of common-law claims. (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208.) II. That the Martin Act does not preempt common-law fraud claims, which are well within its scope, further demonstrates that the instant common-law claims are likewise not preempted. (*Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236; *Roni LLC v Arfa*, 74 AD3d 442; *Bhandari v Ismael Leyva Architects, P.C.*, 84 AD3d 607; *People v Sala*, 95 NY2d 254; *Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370; *CRT Invs., Ltd. v BDO Seidman, LLP*, 85 AD3d 470; *Silver Oak Capital L.L.C. v UBS AG*, 82 AD3d 666; *Jordan v UBS AG*, 11 AD3d 283.) III. J.P. Morgan Investment Management Inc.'s reliance on federal preemption law undermines its argument. (*Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *In re Beacon Assoc. Litig.*, 745 F Supp 2d 386; *Silver Oak Capital L.L.C. v UBS AG*, 82 AD3d 666; *CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562; *Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935; *Caboara v Babylon Cove Dev., LLC*, 54 AD3d 79, 82 AD3d 1141; *Scalp & Blade v Advest, Inc.*, 281 AD2d 882; *Castellano v Young & Rubicam, Inc.*, 257 F3d 171; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *Matter of Pokoik v Department of Health Servs., County of Suffolk*, 72 NY2d 708.) IV. The Court should grant

deference to the Attorney General's views. (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 62 NY2d 539; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *South Cherry St., LLC v Hennessee Group LLC*, 573 F3d 98; *Stephenson v PricewaterhouseCoopers, LLP*, 768 F Supp 2d 562.)

*Wilmer Cutler Pickering Hale and Dorr, LLP*, New York City (*Lori A. Martin* of counsel), and *Wilmer Cutler Pickering Hale and Dorr LLP*, Washington, D.C. (*Paul R.Q. Wolfson* and *Daniel S. Volchok* of counsel), for Securities Industry and Financial Markets Association and others, amici curiae. I. A ruling that private non-scienter-based claims can go forward would constitute a significant change in the law, with potentially far-reaching consequences best considered by the Legislature. II. Investment advice and management are not activities readily susceptible to evaluation under a reasonableness standard. (*Mangam v Brooklyn City R.R. Co.*, 38 NY 455; *People v Grogan*, 260 NY 138; *Danielenko v Kinney Rent A Car*, 57 NY2d 198.) III. Allowing non-fraud claims against investment advisers will lead to increased costs for clients. IV. Gross negligence and breach of fiduciary duty claims against investment advisers would be as problematic as ordinary negligence claims. (*Dalton v Hamilton Hotel Operating Co.*, 242 NY 481; *Steamboat New World v King*, 16 How [57 US] 469; *Food Pageant v Consolidated Edison Co.*, 54 NY2d 167; *Andre v Pomeroy*, 35 NY2d 361.)

*Lowey Dannenberg Cohen & Hart, P.C.*, White Plains (*Barbara J. Hart, Thomas M. Skelton* and *Jeanne D'Esposito* of counsel), for New York State Common Retirement Fund and others, amici curiae. I. There is no basis for preemption of common-law claims under the Martin Act. (*Scalp & Blade v Advest, Inc.*, 281 AD2d 882; *Caboara v Babylon Cove Dev., LLC*, 54 AD3d 79; *Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935; *United States v Texas*, 507 US 529; *Hechter v New York Life Ins. Co.*, 46 NY2d 34; *Isbrandtsen Co. v Johnson*, 343 US 779; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *American Telephone & Telegraph Co. v Central Office Telephone, Inc.*, 524 US 214; *United States v Detroit Timber & Lumber Co.*, 200 US 321; *CPC Intl. v McKesson Corp.*, 70 NY2d 268.) II. Public policy considerations weigh against preemption. (*Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354; *Belco Petroleum Corp. v AIG Oil Rig*, 164 AD2d 583; *Sprietsma v Mercury Marine*, 537 US 51; *Humana Inc. v Forsyth*, 525 US 299; *Bateman Eichler, Hill Richards, Inc. v Berner*, 472 US 299; *Koppel v 4987 Corp.*, 167 F3d 125; *Kahan v*

*Rosenstiel*, 424 F2d 161.) III. Preemption creates unnecessary barriers to recovery for the New York State Common Retirement Fund, the New York City Pension Funds and the New York State Teachers' Retirement System and other investors. (*In re Beacon Assoc. Litig.*, 745 F Supp 2d 386.) IV. There is no basis to conclude that allowing common-law claims would result in a proliferation of meritless lawsuits. V. Proposed legislation does not evidence legislative acquiescence. (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314.)

**OPINION OF THE COURT**

GRAFFEO, J.

At issue on this appeal is whether the Martin Act (General Business Law art 23-A) preempts plaintiff's common-law causes of action for breach of fiduciary duty and gross negligence. For the reasons that follow, we conclude that plaintiff's common-law claims are not preempted.

Plaintiff Assured Guaranty (UK) Ltd. commenced this action against defendant J.P. Morgan Investment Management Inc., asserting causes of action for breach of fiduciary duty, gross negligence and breach of contract. The gravamen of the complaint is that J.P. Morgan mismanaged the investment portfolio of an entity—Orkney Re II PLC—whose obligations plaintiff guaranteed.

As an express third-party beneficiary of an investment management agreement between J.P. Morgan and Orkney, plaintiff alleges that J.P. Morgan invested Orkney's assets heavily in high-risk securities, such as subprime mortgage-backed securities, and failed to diversify the portfolio or advise Orkney of the true level of risk. The complaint further contends that J.P. Morgan improperly made investment decisions in favor of nonparty Scottish Re Group Ltd., a client of J.P. Morgan and Orkney's largest equity holder, rather than for the benefit of Orkney or plaintiff. As a consequence, the complaint claims that Orkney suffered substantial financial losses, triggering plaintiff's obligation to pay under its guarantee.

J.P. Morgan moved to dismiss the complaint pursuant to CPLR 3211. As relevant here, J.P. Morgan argued that the breach of fiduciary duty and gross negligence claims were preempted by the Martin Act. Supreme Court granted the motion and dismissed the complaint in its entirety (28 Misc 3d 1215[A], 2010 NY Slip Op 51362[U] [2010]). The court held that the breach of fiduciary duty and gross negligence claims fell "within

the purview of the Martin Act and their prosecution by plaintiff would be inconsistent with the Attorney General's exclusive enforcement powers under the Act" (2010 NY Slip Op 51362[U], *5).

The Appellate Division modified by reinstating the breach of fiduciary duty and gross negligence causes of action and part of the contract claim (80 AD3d 293 [1st Dept 2010]). In reinstating the two tort claims, the Appellate Division concluded that "there is nothing in the plain language of the Martin Act, its legislative history or appellate level decisions in this state that supports defendant's argument that the Act preempts otherwise validly pleaded common-law causes of action" (id. at 304). The Appellate Division granted J.P. Morgan leave to appeal on a certified question (2011 NY Slip Op 64361[U] [2011]), and we now affirm.[1]

J.P. Morgan's position can be simply stated—plaintiff's common-law breach of fiduciary duty and gross negligence claims must be dismissed because they are preempted by the Martin Act. Contending that the Martin Act vests the Attorney General with exclusive authority over fraudulent securities and investment practices addressed by the statute, J.P. Morgan asserts that it would be inconsistent to allow private investors to bring overlapping common-law claims. J.P. Morgan cites our decisions in *CPC Intl. v McKesson Corp.* (70 NY2d 268 [1987]) and *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership* (12 NY3d 236 [2009]) in support of its contention that the Martin Act abrogated all nonfraud common-law claims. Plaintiff, joined by various amici curiae, including the New York Attorney General, counters that neither the language nor the history of the Martin Act requires preemption. Plaintiff also asserts that *CPC Intl.* and *Kerusa* favor its interpretation of the statute— common-law claims not predicated exclusively on violations of the Martin Act may proceed in private actions.

The Martin Act—New York's "blue sky" law—"authorizes the Attorney General to investigate and enjoin fraudulent practices in the marketing of stocks, bonds and other securities within or from New York" (*Kerusa*, 12 NY3d at 243, citing General Business Law §§ 352, 353). We have observed that the Martin Act was enacted "to create a statutory mechanism in

---

**1.** J.P. Morgan takes no position on the Appellate Division's reinstatement of the breach of contract claim and, therefore, we have no occasion to address it on this appeal.

which the Attorney-General would have broad regulatory and remedial powers to prevent fraudulent securities practices by investigating and intervening at the first indication of possible securities fraud on the public and, thereafter, if appropriate, to commence civil or criminal prosecution" (*CPC Intl.*, 70 NY2d at 277; *see also Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 58-59 [2005]).

When the Martin Act was originally adopted in 1921, "the primary weapon afforded to the Attorney General to combat securities fraud was that of injunctive relief" (Mihaly and Kaufmann, Securities, Commodities and Other Investments, McKinney's Cons Laws of NY, Book 19, General Business Law art 23-A, at 13; *see also* General Business Law § 353 [1]). The Act has since been amended on a number of occasions to broaden its reach. In 1955, for example, the Legislature added section 352-c, which allowed the Attorney General to bring criminal proceedings against those engaging in fraudulent practices "even absent proof of scienter or intent" (*People v Landes*, 84 NY2d 655, 660 [1994]). Analogously, in contrast to a common-law fraud claim, the Attorney General "need not allege or prove either scienter or intentional fraud" in a civil enforcement action under the Martin Act (*State of New York v Rachmani Corp.*, 71 NY2d 718, 725 n 6 [1988]). And in 1976, the Attorney General was authorized to seek monetary restitution on behalf of investors who were the victims of fraudulent activities (*see* General Business Law § 353 [3]).

The scope of the Martin Act was expanded to include the real estate industry in 1960, when the Legislature added section 352-e to address the offer and sale of condominiums and cooperative apartments. The goal of this amendment was to prevent fraud in the sale and transfer of such properties. Consequently, "[t]he Martin Act makes it illegal for a person to make or take part in a public offering of securities consisting of participation interests in real estate unless an offering statement is filed with the Attorney General" and numerous disclosures are made pursuant to the statute and its implementing regulations (*Kerusa*, 12 NY3d at 243).

Legislative intent is integral to the question of whether the Martin Act was intended to supplant nonfraud common-law claims. It is well settled that "when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 324

[1983] [internal quotation marks and citation omitted]). We have emphasized that "a clear and specific legislative intent is required to override the common law" and that such a prerogative must be "unambiguous" (*Hechter v New York Life Ins. Co.*, 46 NY2d 34, 39 [1978]).

Here, the plain text of the Martin Act, while granting the Attorney General investigatory and enforcement powers and prescribing various penalties, does not expressly mention or otherwise contemplate the elimination of common-law claims (*see ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 224 [2011] [stating that, if the Legislature intended to extinguish common-law remedies, "we would expect to see evidence of such intent within the statute"]). Certainly the Martin Act, as it was originally conceived in 1921 with its limited relief, did not evince any intent to displace all common-law claims in the securities field. Nor can J.P. Morgan point to anything in the legislative history of the various amendments that demonstrates a "clear and specific" legislative mandate to abolish preexisting common-law claims that private parties would otherwise possess. True, we have held that the Martin Act did not "create" a private right of action to enforce its provisions (*see CPC Intl.*, 70 NY2d at 276-277). But the fact that "no new per se action was contemplated by the Legislature does not . . . require us to conclude that the traditional . . . forms of action are no longer available to redress injury" (*Burns Jackson*, 59 NY2d at 331). Hence, we agree with plaintiff that the Martin Act does not preclude a private litigant from bringing a nonfraud common-law cause of action.

Despite the absence of an unambiguous legislative intention to bar common-law claims, J.P. Morgan nevertheless posits that our decisions in *CPC Intl.* and *Kerusa* settled the issue in favor of preemption. We believe that J.P. Morgan overreads the import of these cases.

In *CPC Intl.*, the plaintiff—a corporation that purchased the stock of another company—brought a "private" Martin Act claim and a common-law fraud cause of action against a number of defendants stemming from the fraudulently inflated price of the stock. Addressing the viability of plaintiff's Martin Act claim, we first observed that the statute did not explicitly authorize a private action. We then concluded that no cause of action was impliedly created by the Martin Act, reasoning:

> "[A]n implied private action is not consistent with the legislative scheme underlying the Martin Act

and, specifically, section 352-c; . . . the specific purpose of the statute was to create a statutory mechanism in which the Attorney-General would have broad regulatory and remedial powers to prevent fraudulent securities practices by investigating and intervening at the first indication of possible securities fraud on the public and, thereafter, if appropriate, to commence civil or criminal prosecution; and . . . consistency of purpose with the statute includes consistency with this enforcement mechanism" (70 NY2d at 276-277).

However, we did not address whether the Martin Act preempted or abrogated otherwise viable and independent common-law claims. In fact, we addressed plaintiff's common-law fraud cause of action on the merits, finding that it stated a claim and, therefore, withstood a CPLR 3211 motion to dismiss.[2]

In *Kerusa*, we recently examined whether the purchaser of a condominium apartment could institute a cause of action for common-law fraud "predicated solely on alleged material omissions from the offering plan amendments mandated by the Martin Act . . . and the Attorney General's implementing regulations" (12 NY3d at 239). According to the complaint in *Kerusa*, the defendants—the sponsor of the condominium and other related parties—had failed to "disclose various

---

2. After we decided *CPC Intl.*, some courts held that the Martin Act preempts nonfraud common-law claims if the subject of the claim is "covered" by the statute (*see e.g. Stephenson v Citco Group Ltd.*, 700 F Supp 2d 599, 612-618 [SD NY 2010]; *Granite Partners, L.P. v Bear, Stearns & Co. Inc.*, 17 F Supp 2d 275, 291-292 [SD NY 1998]; *Independent Order of Foresters v Donaldson, Lufkin & Jenrette Inc.*, 919 F Supp 149, 153-154 [SD NY 1996]; *see also Castellano v Young & Rubicam, Inc.*, 257 F3d 171, 190 [2d Cir 2001]). The rationale typically employed by these cases is that fraud necessitates evidence of deceitful intent, an element not required by the Martin Act, whereas other common-law claims such as breach of fiduciary duty and gross negligence do not require such proof, and to recognize such claims would be analogous to permitting a private right of action under the Act, in contravention of *CPC Intl.* (*see Stephenson*, 700 F Supp 2d at 613 ["Martin Act preemption does not extend to those common law claims that require additional elements beyond what is required for Martin Act liability, such as common law fraud claims that require a showing of intent"]). More recently, however, a number of courts have rejected this approach, concluding that the Martin Act does not preclude nonfraud tort claims (*see e.g. CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562, 564 [1st Dept 2010]; *Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935, 936 [2d Dept 2010]; *Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354, 357-358 [SD NY 2010]; *see also Scalp & Blade v Advest, Inc.*, 281 AD2d 882, 883 [4th Dept 2001]). We believe that these latter cases represent the more accurate view.

construction and design defects in the offering plan amendments" filed with the Attorney General pursuant to the Martin Act (*id.* at 245). We were careful to make clear that "[b]ut for the Martin Act and the Attorney General's implementing regulations, however, the sponsor defendants did not have to make the disclosures in the amendments" (*id.*). Put differently, the purchaser's entire claim was premised on a violation of the Martin Act and would not have existed absent the statute. Under these discrete circumstances, we held that the purchaser could not bring a fraud claim because to accept the "pleading as valid would invite a backdoor private cause of action to enforce the Martin Act in contradiction to our holding in *CPC Intl.* that no private right to enforce that statute exists" (*id.*).

Read together, *CPC Intl.* and *Kerusa* stand for the proposition that a private litigant may not pursue a common-law cause of action where the claim is predicated solely on a violation of the Martin Act or its implementing regulations and would not exist but for the statute. But, an injured investor may bring a common-law claim (for fraud or otherwise) that is not entirely dependent on the Martin Act for its viability. Mere overlap between the common law and the Martin Act is not enough to extinguish common-law remedies.

Finally, J.P. Morgan claims that policy considerations, including the preservation of the Attorney General's exclusive enforcement authority under the Martin Act, should encourage us to find expansive preemption in the securities and real estate fields. To the contrary, we believe that policy concerns militate in favor of allowing plaintiff's common-law claims to proceed. We agree with the Attorney General that the purpose of the Martin Act is not impaired by private common-law actions that have a legal basis independent of the statute because proceedings by the Attorney General and private actions further the same goal—combating fraud and deception in securities transactions. Moreover, as Judge Marrero observed recently, to hold that the Martin Act precludes properly pleaded common-law actions would leave the marketplace "less protected than it was before the Martin[ ] Act['s] passage, which can hardly have been the goal of its drafters" (*Anwar v Fairfield Greenwich Ltd.*, 728 F Supp 2d 354, 371 [SD NY 2010]).

For all of these reasons, we conclude that plaintiff's breach of fiduciary duty and gross negligence claims are not barred by the Martin Act.

Accordingly, the order of the Appellate Division should be affirmed, with costs. The certified question should be answered in the affirmative.

Chief Judge LIPPMAN and Judges CIPARICK, READ, PIGOTT and JONES concur; Judge SMITH taking no part.

Order affirmed, etc.