12-2735-cv
Iconix Brand Grp. Inc. v. Merrill Lynch, Pierce, Fenner & Smith Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand twelve.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
           SUSAN L. CARNEY,
                     *Circuit Judges.*

------------------------------------------------------------------------

ICONIX BRAND GROUP INCORPORATED,
                     *Plaintiff-Appellant*,

                 v.                                  No. 12-2735-cv

MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED,
                     *Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:      CHARLES M. MILLER (Marc E. Kasowitz, *on the brief*), Kasowitz, Benson, Torres & Friedman LLP, New York, New York.

APPEARING FOR APPELLEES:      TIMOTHY P. BURKE (Mary Gail Gearns, *on the brief*), Bingham McCutchen LLP, Boston, Massachusetts & New York, New York.

Appeal from a judgment of the United States District Court for the Southern District

of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 7, 2012, is AFFIRMED.

This appeal arises from the latest decision, see In re Merrill Lynch ARS Litig. (Merrill V), Nos. 09-MD-2030; 10-CV-0124, 2012 WL 1994707 (S.D.N.Y. June 4, 2012), by Chief Judge Preska in Multidistrict Litigation concerning the activities of defendant Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") with respect to auction rate securities ("ARS"). See generally In re Merrill Lynch ARS Litig. (Merrill IV), 851 F. Supp. 2d 512 (S.D.N.Y. 2012); In re Merrill Lynch ARS Litig. (Merrill III), No. 09-MD-2030, 2011 WL 536437 (S.D.N.Y. Feb 9, 2011), aff'd by Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012); In re Merrill Lynch ARS Litig. (Merrill II), 758 F. Supp. 2d 264 (S.D.N.Y. 2010); In re Merrill Lynch ARS Litig. (Merrill I), 704 F. Supp. 2d 378 (S.D.N.Y. 2010), aff'd in part by Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011); In re Merrill Lynch ARS Litig., No. 09-MD-2030, 2010 WL 532855 (S.D.N.Y. Feb. 8, 2010), aff'd by Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 157 (2d Cir. 2010).

Plaintiff Iconix Brand Group Inc. ("Iconix") filed the instant action against Merrill Lynch on January 7, 2010, asserting claims under Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)" or "§ 10(b)") and corresponding Rule 10b-5 of the Securities and Exchange Commission, see 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; and for common law fraud and negligent misrepresentation. We review de novo these claims' dismissal under Rule 12(b)(6), "accepting all factual claims in the complaint as true, and drawing all

reasonable inferences in the plaintiff's favor." Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint alleging securities fraud must also satisfy the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995, see 15 U.S.C. § 78u-4(b). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.    Section 10(b)

In its brief to the district court, Iconix supported its securities fraud claim by citing alleged misrepresentations and omissions related to ARS suitability, liquidity, and safety. This argument relied in part on allegations that Merrill Lynch did not disclose that it placed "support bids" at ARS auctions which prevented auction failure and concealed the illiquidity of the securities. Incorporating the "entirety [of] its misstatement/omission analysis" from Merrill IV, see Merrill V, 2012 WL 1994707, at *3, Chief Judge Preska considered Iconix's securities fraud claims to be based on allegations that Merrill Lynch's "market activities created a false appearance of liquidity," which "artificially inflated prices paid for ARS," Merrill IV, 851 F. Supp. 2d at 525. Chief Judge Preska noted that in prior cases, Merrill Lynch asserted that it had made website disclosures that relieved it of liability against such claims and that Iconix's § 10(b) and Rule 10b-5 claims were "analogous in all material legal

3

respects" to the situation presented in those earlier lawsuits, all of which had been dismissed. Merrill V, 2012 WL 1994707, at \*3. In addition, Chief Judge Preska concluded that Iconix made "no new argument[s] about the sufficiency of [Merrill Lynch's] disclosures [or] with respect to [other § 10(b) elements] scienter, reliance, or loss causation." Id.; see generally Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc., 552 U.S. 148, 157 (2008) (listing elements); Ashland Inc. v. Morgan Stanley & Co., 652 F.3d 333, 337 (2d Cir. 2011) (same). Accordingly, she dismissed Iconix's § 10(b) and Rule 10b-5 claims with prejudice.

On appeal, Iconix disavows any claim based on the adequacy of Merrill Lynch's disclosures relating to ARS liquidity or its role in the auction process. Iconix now submits that Chief Judge Preska erred by failing to consider its allegations that Merrill Lynch misrepresented the collateral for the ARS issuance that is the subject of this lawsuit ("Anchorage ARS"). Specifically, Iconix contends that Merrill Lynch represented that ARS were collateralized by A1- and P1-rated short-term assets while failing to disclose that the issuer of the Anchorage ARS retained a "put" option enabling it to liquidate this highly rated collateral, receive the proceeds of that liquidation, and substitute its own preferred equity for the purchased securities. Even if certain allegations in Iconix's complaint might liberally be construed to advance such a theory, this argument was not raised in Iconix's brief before the district court. We therefore decline to consider it now in the first instance. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)); Caiola v. Citibank, N.A., 295 F.3d 312, 327–28

4

(2d Cir. 2002) (holding argument that equity swaps were covered by § 10(b) and Rule 10b-5 forfeited because "issue was not properly raised below" and no injustice would result).[1]

Even if we were to consider this defaulted claim, however, it would fail on the merits for lack of reasonable reliance.  See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (reiterating that we may "affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely" (internal quotation marks omitted)).  It is undisputed that the purportedly secret "put" option is unambiguously disclosed on the first page of the relevant offering memorandum and then explained in greater detail throughout that document.  Insofar as Iconix suggests it did not receive the offering memorandum until after it purchased the Anchorage ARS, that raises, at most, a question of actual reliance, but it hardly demonstrates that such reliance was justifiable.  To protect itself, Iconix simply had to request this important document before acquiescing in a $13 million purchase of unregistered securities that it knew were salable only to Qualified Institutional Buyers.  See Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc., 343 F.3d 189, 195 (2d Cir. 2003) (discussing authority holding justifiable reliance defeated where "buyer should have, and easily could have, protected itself from misrepresentation by demanding that it see [a] report prior to a closing").

The same result obtains regardless of whether Iconix may be deemed sophisticated

---

[1] Insofar as Iconix relies on Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007), to fault the district court for not "consider[ing] the complaint in its entirety," id. at 322, that statement by the Supreme Court relates to assessing whether a plaintiff has adequately pleaded scienter, not an actionable misrepresentation.

with respect to complex financial instruments. See Brown v. E.F. Hutton Grp., Inc., 991 F.2d 1020, 1032–33 (2d Cir. 1993) (holding § 10(b) plaintiffs' "asserted reliance on the brokers' alleged oral statements, without further inquiry, [to be] reckless and unjustifiable," notwithstanding assumptions that plaintiffs were "unsophisticated investors and that the brokers initiated the transactions"). Reviewing the offering memorandum would have warned any minimally diligent investor of the risk that the Anchorage ARS could be transformed into preferred equity of the issuer and thus that the securities might be unsuitable for that reason. Moreover, Iconix had already purchased ARS from Merrill Lynch in June 2007, nearly two months before the August 2, 2007 purchase in question. A review of Merrill Lynch's generic ARS disclosures at that time would have referred Iconix to the relevant offering memorandum for details about a particular issuance.

Accordingly, Iconix's Section 10(b) claim was properly dismissed.

2. Common Law Fraud

Iconix also appeals the dismissal of its common law fraud claim. Because the parties agree with Chief Judge Preska's statement that the "elements of common law fraud essentially mirror those involved in [a] section 10(b) claim[]," Merrill V, 2012 WL 1994707, at *3, we conclude that this claim also was properly dismissed.

3. Negligent Misrepresentation

Finally, Iconix appeals the dismissal of its common law negligent misrepresentation claim. Adhering to the weight of authority at the time, Chief Judge Preska held that this claim was preempted by New York's Martin Act, see N.Y. Gen Bus. Law § 352-c ("Martin

6

Act"), and dismissed it without reaching the merits, see Merrill V, 2012 WL 1994707, at *6–7. The New York Court of Appeals recently held, however, that a common law claim "that is not entirely dependent on the Martin Act for its viability" is not preempted by that statute. Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc., 18 N.Y.3d 341, 352 (2011). Accordingly, the parties agree that preemption does not apply here.

We need not decide whether Merrill Lynch had the type of "special" or fiduciary relationship with Iconix that might predicate a negligent misrepresentation claim, cf. United States v. Wolfson, 642 F.3d 293, 295 (2d Cir. 2011) (noting that "absence of a discretionary account does not mean that no fiduciary duty exists"), because Iconix's claim fails in any event. A plaintiff claiming negligent misrepresentation under New York law must adequately allege, among other elements, justifiable reliance. See Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d at 114. Iconix having not plausibly alleged this particular element, its negligence claim fails for the same reason as do its fraud claims.

4.     Conclusion

We have considered Iconix's other arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7