12-1200-cv, 12-1342-cv
Cruz v. TD Bank, N.A., Martinez v. Capital One Bank, N.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Argued: December 12, 2012     Decided: December 18, 2013)

Docket Nos. 12-1200-cv, 12-1342-cv
_____

GARY CRUZ and CLAUDE PAIN, individually and
on behalf of all others similarly situated,

*Plaintiffs-Appellants*,


v.


TD BANK, N.A.,

*Defendant-Appellee.*

_____

GERALDO F. MARTINEZ and JOSEPH CUMMINGS, individually and
on behalf of all others similarly situated,

*Plaintiffs-Appellants*,


v.


CAPITAL ONE BANK, N.A.,

*Defendant-Appellee.*

_____

Before:

POOLER, HALL, and CHIN, *Circuit Judges*.

Appeals heard in tandem from judgments of the United States District Court for the Southern District of New York (Castel, *J.*, and Sullivan, *J.*) dismissing plaintiffs-appellants' claims under Article 52 of the New York Civil Practice Law and Rules, as amended by the Exempt Income Protection Act, 2008 N.Y. Laws ch. 575, and under New York common law.

AFFIRMED and REMANDED to permit plaintiffs to move for leave to amend their complaints.

> G. OLIVER KOPPELL (Daniel F. Schreck, *on the brief*), Law Offices of G. Oliver Koppell & Associates, New York, New York, *for Gary Cruz, Claude Pain, Geraldo F. Martinez, Joseph Cummings*.
>
> Alexander D. Bono, Ryan E. Borneman, Duane Morris, LLP, Philadelphia, Pennsylvania, *for TD Bank, N.A.*
>
> Robert Plotkin, Kurt E. Wolfe, Matthew A. Fitzgerald, McGuire Woods LLP, New York, New York, Washington, D.C., and Richmond, Virginia, *for Capital One Bank, N.A.*
>
> Gina M. Calabrese, St. Vincent de Paul Legal Program, Inc., Elder Law Clinic, St. John's University School of Law, Jamaica, New York, *and* Claudia E. Wilner, Neighborhood Economic Development Advocacy Project Inc., New York, New York, *for Amici Curiae AARP, District Council 37 Municipal*

*Employees Legal Services, The Legal Aid
Society, Lincoln Square Legal Services, Inc.,
MFY Legal Services, Neighborhood Economic
Development Advocacy Project, Inc., St.
Vincent de Paul Legal Program, Inc., The
Urban Justice Center.*

*PER CURIAM*:

These appeals, heard in tandem, challenge two separate judgments
entered in the United States District Court for the Southern District of New York
(Castel, *J.*, and Sullivan, *J.*), in favor of defendants-appellees TD Bank, N.A. ("TD
Bank") and Capital One Bank, N.A. ("Capital One"), respectively, dismissing
plaintiffs' claims that the banks violated (1) Article 52 of the New York Civil
Practice Law and Rules ("CPLR"), as amended by the Exempt Income Protection
Act (the "EIPA"), 2008 N.Y. Laws Ch. 575 (codified as amended at CPLR 5205,
5222, 5222-a, 5230, 5231, and 5232), and (2) their rights under New York common
law.

The facts are set forth in detail in our opinion filed in this case on
March 27, 2013. *See Cruz v. TD Bank, N.A.*, 711 F.3d 261, 264-67 (2d Cir. 2013).
We assume familiarity with our prior opinion.

In both cases, the plaintiff judgment debtors maintained accounts
with the defendant banks. The banks notified plaintiffs that their accounts were

frozen pursuant to restraints served by third-party creditors. Plaintiffs allege, however, that the banks failed to provide them with certain required notices and forms, restrained their accounts, and assessed them fees, all in violation of the EIPA.

The district courts dismissed the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that judgment debtors do not have a private right of action against their banks for the banks' violations of the EIPA's procedural requirements. *See Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 170-74 (S.D.N.Y. 2012); *Martinez v. Capital One, N.A.*, 863 F. Supp. 2d 256, 262-66 (S.D.N.Y. 2012).

In our prior opinion, we certified the following questions to the New York Court of Appeals:

*first*, whether judgment debtors have a private right of action for money damages and injunctive relief against banks that violate EIPA's procedural requirements; and

*second*, whether judgment debtors can seek money damages and injunctive relief against banks that violate EIPA in special proceedings prescribed by Article 52 of the CPLR and, if so, whether those special

proceedings are the exclusive mechanism for such relief or whether judgment debtors may also seek relief in a plenary action.

In an opinion filed November 21, 2013, the Court of Appeals answered the certified questions. *Cruz v. TD Bank, N.A.*, No. 191 (N.Y. Nov. 21, 2013), *available at* 2013 WL 6096124. It answered the first question in the negative, holding that "a private right to bring a plenary action for injunctive relief and money damages cannot be implied from the EIPA." *Id.*, slip op. at 23. As for the second question, the Court held that "a judgment debtor can secure relief from a bank arising from a violation of the EIPA in a CPLR Article 52 special proceeding" and that the special proceedings set forth in Article 52 are the "exclusive" mechanisms for relief. *Id.*

The rulings of the Court of Appeals resolve the principal claims before us. The district courts correctly dismissed plaintiffs' claims to the extent they sought to assert a private right of action under the EIPA. Plaintiffs' exclusive mechanism for seeking relief for alleged violations of the EIPA's procedural requirements is a special proceeding under Article 52 of the CPLR.

Plaintiffs also asserted -- and the district courts dismissed -- common law claims for conversion, breach of fiduciary duty, fraud, negligence, and unjust

enrichment based on defendants' alleged violations of the EIPA. *See Cruz*, 855 F. Supp. 2d at 174-79; *Martinez*, 863 F. Supp. 2d at 266-68. We affirm the dismissal of the common law claims substantially for the reasons stated by the district courts in their thorough opinions. Plaintiffs' common law claims are based on defendants' alleged violations of Article 52 of the CPLR, and but for the EIPA's requirements, the banks had no obligation to provide plaintiffs with the omitted notices or to refrain from assessing the disputed fees. Hence, as Article 52 provides plaintiffs' exclusive remedies, they may not seek to circumvent Article 52 by relying on separate common law causes of action. *See Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc.*, 18 N.Y.3d 341, 353 (N.Y. 2011); *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 12 N.Y.3d 236, 247 (N.Y. 2009).

We therefore find the district courts properly granted the motions to dismiss. Plaintiffs have, however, requested an opportunity to replead their claims in a manner consistent with the decision by the Court of Appeals. A party may amend its pleading once as a matter of right before a responsive pleading has been served and otherwise by leave of the court. Fed. R. Civ. P. 15(a). The "court should freely give leave when justice so requires," *id.*, and it is the usual practice upon granting a motion to dismiss to allow leave to replead, *Cortec*

*Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 50 (2d Cir. 1991). Nevertheless, we leave it to the district courts to decide in the first instance whether to grant plaintiffs leave to amend. We thus hold that the district courts correctly dismissed the complaints, but we remand the cases to the district courts, with instructions to permit plaintiffs to move for leave to amend their complaints.

AFFIRMED and REMANDED.