◼ CHRIS BEVILACQUA, Appellant, v CRP/EXTELL PARCEL I, L.P., et al., Respondents. [2 NYS3d 347]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 11, 2013, which granted defendants' motion to dismiss the complaint on the grounds of res judicata, collateral estoppel, and failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's claims for return of his down payment and rescission of his condominium unit purchase agreement were precluded by the Attorney General's prior determination against him and the CPLR article 78 proceeding dismissing his challenge to it, which barred the claims that he brought and those that he could have brought (*see Sweeney v New York City Dept. of Health & Mental Hygiene*, 91 AD3d 420, 421 [1st Dept 2012], *lv denied* 19 NY3d 802 [2012]). Contrary to plaintiff's claimed understanding, neither the administrative determination nor the judgment dismissing his petition contained language authorizing the instant action. We reject plaintiff's contention that the administrative proceeding was not sufficiently judicial to warrant according it preclusive effect; as in related cases involving purchasers seeking rescission and return of their down payments for units in the same condominium, there were no issues that would have been illuminated by an evidentiary hearing or cross examination (*see Coffey v CRP/Extell Parcel I, L.P.*, 117 AD3d 585 [1st Dept 2014], *lv dismissed* 24 NY3d 934 [2014]; *Matter of CRP/Extell Parcel I, L.P. v Cuomo*, 101 AD3d 473 [1st Dept 2012]). Upon our review of the complaint, we agree with the motion court that the fraud claims are preempted by the Martin Act and the regulations promulgated thereunder (*see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 18 NY3d 341, 353 [2011]; *Berenger v 261 W. LLC*, 93 AD3d 175, 184 [1st Dept 2012]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Saxe and Richter, JJ.